## The People v. Ralph C. Richmond.

*Change of plea on appeal in criminal cases.*

1. Plea of guilty may be withdrawn on appeal in Michigan, and the case will be re-tried on its merits.

2. Where a criminal proceeding is appealed from justice's court, the requirement in the appeal-bond that the accused shall prosecute his appeal to effect, contemplates a prosecution in the usual way of trial and verdict.

3. How. Stat. § 9558 requiring it to be ascertained whether a plea of guilty is voluntary or not, applies to appealed cases begun on a warrant, as well as to cases on information or indictment.

Error to Van Buren. (Mills, J.) June 11.—June 17.

Complaint for keeping bar open contrary to statute. Respondent brings error. Reversed.

Attorney General *Moses Taggart* for the People.

*Lester A. Tabor* for respondent.

CHAMPLIN, J. The respondent was charged before a justice of the peace with not keeping a room in which liquors were sold, closed between the hours of nine and ten o'clock at night. He was arrested and brought before the justice, when he pleaded guilty to the complaint. He does not appear to have been represented by attorney or counsel on that occasion. The justice imposed the least penalty provided by statute for such offense, and respondent thereupon appealed to the circuit court.

The statute giving justices of the peace jurisdiction in criminal cases provides: "If the accused shall plead guilty to such charge, the court shall thereupon convict him of the offense charged, and render judgment thereon." How. Stat. § 7098. Section 7109 provides: "The person so charged with, and convicted by any such justice of the peace of any such offense, may appeal from the judgment of such justice of the peace to the circuit court: *Provided*, said person shall enter

into a recognizance to the People of the State of Michigan, in a sum not less than fifty nor more than five hundred' dollars, within ten days after the rendition of the judgment; with one or more sufficient sureties, conditioned to appear before said court, on the first day of the next term thereof, and prosecute his appeal at said term to effect, and abide the orders and judgment of said court."

Respondent filed a petition in the circuit court for leave to withdraw his plea of guilty, and to enter a plea of not guilty, and for a trial of the charge against him upon the merits. He stated that he was induced to plead guilty through a misapprehension of the facts and law, and would not have so pleaded had it not been for such misapprehension; that he had fully and fairly stated the case in the cause to L. A. Tabor, his counsel, who resides at Lawton, and that he had a good and substantial defense to said charge, as he was advised by his said counsel, after such statement made as aforesaid, and which he verily believed to be true. The petition was duly verified by the oath of the petitioner.

Upon the hearing of the petition, the court made the following order, as appears from the journal entry thereof:

## "*The People v. Ralph C. Richmond.*

In this cause the respondent, having prayed the court for leave to withdraw the plea of 'guilty' by him heretofore pleaded at the court below, and to plead over 'not guilty,' and L. A. Tabor, Esq., having been heard in support thereof, and the prosecuting attorney in opposition thereto, and it appearing to the court that the showing made is sufficient to warrant the granting of the relief prayed, therefore it is ordered that the prayer of the respondent be, and the same hereby is denied as made, without prejudice. And it is further ordered that said respondent have leave, if he so desires, to make a further and additional showing in the premises at any time before the opening of court on Friday next, in the afternoon; and that if, upon such showing, it appear that the defendant was improperly induced to plead guilty, and that his plea was not understandingly and voluntarily made, and that he had a defense to the charge as set forth in the complaint as against him upon the merits, that then and in such case he be allowed to withdraw his plea of 'guilty' over."

The respondent not appearing and showing cause pursuant to the exigency of the foregoing order, the court made another order requiring respondent to appear before the court for sentence on or before the next Monday after the making of the order, at which time the respondent appeared in court and protested against being sentenced upon his former plea of guilty; but the court proceeded to sentence him to pay a fine of $25, together with costs of prosecution, taxed at $1.95, on or before the first day of May then next, and also that he be imprisoned in the county jail for a period of ten days from and including the first day of May next, and in default of paying said fine before the expiration of said term of imprisonment that he stand imprisoned and be further detained in said county jail for the further period of sixty days thereafter, unless such fine and costs be sooner paid. From this action of the circuit court respondent has appealed to this Court.

The Attorney General insists that the proceedings were entirely regular, and warranted by the authority of the following cases: *Com. v. Winton* 108 Mass. 485 ; *Com. v. Mahoney* 115 Mass. 151; *Com. v. Blake* 12 Allen 188; *Com. v. Chapman* 11 Cush. 422 ; *Wickwire v. State* 19 Conn. 478 ; *Strahan Case* 7 Cox Crim. Cases 85.

The general rule undoubtedly is that upon appeal the case stands in the appellate tribunal in the same plight it was in, so far as the pleadings are concerned, in the court below. In the case of *Mahoney* he had pleaded guilty in the municipal court, and was sentenced, but appealed to the superior court, where the district attorney moved for sentence. The defendant objected, and claimed a trial by jury. Gray, C. J. said : "A defendant in a criminal case, who has once pleaded to the charge against him, has no right to withdraw his plea, but is confined to the issues of law or fact thereby raised or left open, unless the court in which the case is pending sees fit to exercise the discretion of allowing him to withdraw it and plead anew. If he appeals from a judgment against him in the court in which his plea is first made, the appeal indeed vacates the judgment, but it does not

multiply his grounds of defence or enlarge the issue once joined between the Commonwealth and himself. The same defences are open to him in the appellate court as in the court below, and no other. If he pleads guilty upon his first arraignment, and his plea is received by the court and recorded, it is an admission of all facts well charged in the indictment or complaint, and a waiver of his right of trial by jury thereon, and, unless withdrawn by special leave of court, or a motion is interposed in arrest of judgment for legal defects apparent on the record, leaves nothing to be done but to pass sentence. Gen. Sts. c. 158, § 5; *Commonwealth v. Winton* 108 Mass. 485."

The decisions in Massachusetts are in conformity to the strict rule of pleading and practice under the criminal law as administered in England and in several of the States of the Union. But in this State the statute has relieved the administration of the criminal law of much of its severity, and has prescribed rules intended to protect the accused from inconsiderate action, and secure to him a fair trial and just punishment. The statute authorizing the appeal was intended to secure a retrial of the cause in the circuit, if such retrial is desired by the respondent. It makes no distinction as to the right of appeal between a conviction based upon a plea of guilty, and one of not guilty and trial before a jury. The appeal-bond in each instance requires the accused to prosecute his appeal to effect, and this contemplates a prosecution in the usual way of trial and verdict. On the appeal the accused may stand upon his plea of guilty entered in the court below, if he chooses to do so, in which case it would be the duty of the court, before proceeding to sentence, to investigate the case and the circumstances of such plea, and ascertain whether it was made freely, and with full knowledge of the nature of the accusation, and without undue influence. How. Stat. § 9558. This statute was enacted to protect all persons accused of crime, standing before the court on a plea of guilty, and is not limited in its scope and application to cases where the plea is to an information. It is as applicable to a case appealed, where the warrant stands as the information, on the

one hand, as it is to a case of a party indicted, on the other. In most cases, the party appealing does so to obtain a retrial on the merits, and not for a modification of the sentence. It is obviously so in this case, as the judgment of the court below was the minimum which the law authorized for the offense charged.

In all cases of appeal from a criminal conviction on a plea of guilty, we think it is the right of the accused to withdraw his plea of guilty, and have the case retried upon the merits. We think the object of the law granting a right of appeal in case of conviction was for the purpose of according to the accused a retrial in the circuit or appellate court. This end would be defeated if it rests in the discretion of the appellate court to permit a withdrawal of the plea of guilty for the purpose of pleading to the merits. Under the construction which we give to the statute, the accused was entitled as matter of right to withdraw his plea of guilty, and interpose the plea of not guilty. This construction we think is in accord with the principles of justice, and the manifest intent of the legislature. It follows that the

Judgment must be set aside, and the record remanded to the court below, with leave to respondent to withdraw his plea of guilty, and to interpose a plea of not guilty.

The other Justices concurred.