# TERRITORY *v.* CHARLES CHAMBERLAIN.

APPEAL FROM DISTRICT MAGISTRATE, WAILUKU.

ARGUED MARCH 3, 1910.                    DECIDED MARCH 5, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

CRIMINAL LAW—*withdrawal of plea of guilty.*

> An application for leave to withdraw a plea of guilty is addressed to the sound discretion of the trial court and the appellate court cannot interfere in the absence of abuse of discretion.
>
> Upon the evidence in this case the magistrate is held not to have committed an abuse of discretion.

### OPINION OF THE COURT BY PERRY, J.

Defendant, a married man, was arrested on January 21, 1910, on a charge of having had unlawful sexual intercourse with one May Saunders, not his wife, during the month of December, 1909, and on the same day entered a plea of guilty before the district magistrate of Wailuku and was sentenced to imprisonment for twelve months and to pay a fine of $100, the maximum punishment for the offense. Three days later defendant presented a motion for leave to withdraw his plea of guilty and to enter a plea of not guilty. This motion was heard and denied on January 28. Defendant appeals to this court on points of law, assigning as error the magistrate's ruling upon the motion.

The Territory moves to dismiss the appeal on the grounds (1) that no points of law are certified by the magistrate, and (2) that no appeal having been taken from the judgment and sentence of January 21 the appeal from the ruling of January 28 is nugatory. These motions are denied. The notice of appeal sufficiently sets forth the points of law relied on and the magistrate's certificate sufficiently refers to the notice for a statement of those points. The failure to appeal from the original

judgment and sentence does not deprive the defendant of the right of appeal from the refusal of leave to change his plea.

The parties are agreed that the magistrate had the power in his discretion to grant or to deny the application for leave to withdraw the plea of guilty as in his judgment the facts should warrant and justice require.   The only question arising on this appeal is whether the magistrate committed an abuse of discretion in refusing leave.   In considering the application the magistrate had before him affidavits by the defendant, his wife, May Saunders, Enos Vincent, the deputy county attorney, Clement Crowell, deputy sheriff, H. C. Mossman, clerk of the county attorney, W. E. Saffery, county sheriff, Marie Grove, stenographer, and four practicing physicians and surgeons .

Defendant in his affidavit said that he was twenty-six years of age, admitted that on the night of January 19, 1910, on returning ,home he found his wife and another woman in an intoxicated condition and that his wife accused him of having been unduly intimate with May Saunders, who is his stepdaughter; that he caused his wife's arrest but the next morning went to the police station to endeavor to procure her release; that he found May at the station and while waiting for the magistrate she was called into the sheriff's room for the purpose, as he supposed, of being questioned concerning her mother's conduct on the evening previous; that shortly after that Crowell called defendant into the station and that there Vincent accused him of having illicit relations with May and that he, defendant, denied the truth of the accusation; that thereupon Vincent told him that May and his wife had said that he had had such relations and that he, the defendant, again made denial; that Vincent then said, "You had better tell me the truth or I will send you to seven years' punishment in the prison; if you plead guilty I will make it easy for you;" that Vincent also said that May had told him that the defendant had had intercourse with her seven times; that by reason of these

Territory v. Chamberlain, 20 Haw. 103.

threats and promises and also because he felt that the court would believe the child and the mother he "said yes to everything they said the child said." Proceeding in his affidavit the defendant admits that the officers thereupon sent for "a young white woman," whose name he did not know, but who the record shows was Marie Grove, whose affidavit is also on file, and that in her presence they asked him some questions; that "it was so revolting to me and I was so frightened that I said that it was the child's fault and that she hung around me and played around me;" that he never had intercourse or indulged in any undue familiarities with her.

The wife in her affidavit admits the intoxication on the 19th; does not undertake to deny that on that occasion she charged the defendant with the intimacy; says that she never noticed or had reason to believe that there was any intimacy between the defendant and the girl, and that May was at all times well behaved and innocent of any wrong doing of the kind in question.

May Saunders in turn declares her entire innocence of the improper conduct charged; that defendant's conduct towards her had always been unobjectionable; that in Vincent's interview with her she had not understood the true purport of the questions asked her; that Vincent threatened that he would "hit with a rawhide any little girls that would tell a lie;" that "little girls that told a lie might be put in jail;" that she was very badly frightened and answered in the affirmative further questions as to the defendant's guilt.

Each of the physicians made a physical examination of the girl as well as of the defendant. Two of them, called for the defense, gave it as their opinion that May had never had intercourse with any male, one of them adding that in his opinion intercourse would have been impossible. The other two, called by the prosecution, while not attempting to say whether there had been intercourse, were of the opinion that it could have taken place.

In their affidavits the officers make a complete denial of all of the accusations relating to threats and promises. Vincent says that in reply to questions the defendant admitted the truth of the charge saying that he had committed the offense with May on seven different occasions, the first one in the house referred to as "Bailey's cottage," in which the parties were living at the time, while his wife was at Keanae, and on another occasion at their present residence while his wife was "down town;" that defendant said that a certain boy, whose name he did not know, was the first one who had illicit relations with May; that this interview was on the morning of January 20, and that later in the morning in the presence of Marie Grove, the official stenographer of the county attorney's department, he had another interview with the defendant, a stenographic report of which was made by Miss Grove; that on the same day May admitted to the deponent the illicit relations on seven different occasions, stating that three occurred in Bailey's cottage and four in their present home. In this affidavit are set forth certain other details as having been given by May with relation to the first occurrence, but they need not be here repeated.

Crowell, who, according to all of the affidavits on the point, was present at the interviews, corroborates Vincent as to the absence of threats and promises and as to the nature and extent of the admissions made by the defendant and May. Mossman's affidavit is to the effect that he also questioned May and that she made similar admissions to him, one as to an act during her mother's absence at Keanae, giving certain particulars of the occurrence.

Miss Grove affirms that while she was present there was nothing in the way of threats; that the defendant answered "with little or no hesitation and without any visible evidence of fear or constraint," and swears to the correctness of the document which is attached to her affidavit as a transcript of her steno-

graphic notes of the interview which she attended. As so reported the defendant made substantially the admissions testified to by Vincent and Crowell, stating with some particularity how the intimacy arose and developed, and further admitted that "a few nights ago" his wife questioned him as to his relations with the girl, adding that he made no reply but "walked out and went down to work."

The sheriff, who apparently was not present at any of the interviews, deposes that immediately after the imposition of sentence the defendant asked him to send for an attorney, saying that "he thought the sentence too much" and wanted "to get the sentence reduced;" that he asked the defendant "if he had really had sexual intercourse with the girl" and that the defendant said "yes," and had then added "that she had coaxed him to do it to her, so he did what she wanted;" that defendant "then repeated that he thought Judge McKay had given him too long a sentence," and that he wanted the attorney "to have it cut down."

Not only did the magistrate have all of this evidence before him, but he knew the officers in question and may well have been acquainted with all of the witnesses. He also had the benefit at the original hearing of seeing the defendant in person and of hearing him and noting his demeanor at the time of the entry of the plea. The magistrate was in a better position than we are to judge of the truth or falsity of the charge that the plea had been obtained by intimidation or in consequence of promises or other inducements and also whether the admissions were in fact made and if made whether they were true. The presumption is that in deciding as he did he felt convinced that the facts and justice required a denial of the motion, that the plea was entered voluntarily and without improper inducements and was in fact true, and that defendant's desire to change his plea arose simply from a belief that the sentence was too severe. Upon the state of the evidence, con-

tradictory though it was, we cannot say that he was guilty of an abuse of discretion in so deciding.

The ruling appealed from is affirmed.

*E. W. Sutton, Deputy Attorney General (A. Lindsay, Jr., Attorney General, and D. H. Case, County Attorney of Maui, with him on the brief), for the Territory.*

*D. W. Burchard (A. N. Kepoikai and A. G. Correa with him on the brief) for defendant.*