## TERRITORY *v.* R. T. SNYDER.

### No. 968.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED MARCH 5, 1917.         DECIDED MARCH 8, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

CRIMINAL LAW—*motion to change plea after verdict—discretion of court.*

It is not an abuse of discretion for the trial court after a plea of guilty and sentence in a misdemeanor case to refuse defendant's motion to change his plea from that of guilty to that of not guilty where there is no showing that the defendant was misled by anything said or done by the court or prosecuting attorney although the defendant was sentenced to pay a larger fine than he believed from statements made by a police officer would be imposed upon him.

OPINION OF THE COURT BY QUARLES, J.

The defendant was arrested charged with conducting a bunco game in violation of section 4175 R. L. One of his attorneys saw the police officer making the arrest and told the officer that defendant did not have anything to do with the bunco game, whereupon the officer said that if the defendant would plead guilty to being present at a gambling game he (the police officer) would see that the defendant was fined $25. The deputy city and county attorney, who had charge of the case, refused to agree with the arrangement or to make any agreement whatever. The charge of conducting a bunco game was dropped and a charge made against the defendant of knowingly and unlawfully permitting a gambling game to be carried on in certain premises rented and controlled by him contrary to section 4177 R. L. To this last charge the defendant pleaded guilty, one of his attorneys being present, and thereupon the district magistrate sentenced him to pay a fine of $200. The defendant then moved to change his plea from that of guilty to that of not guilty, and in support of his motion introduced certain affidavits and witnesses, the substance of which is to the effect that owing to the said conversation between the police officer and the attorney for defendant, the defendant believed that he would not be fined more than $25, and that when he entered his plea of guilty he understood that he was pleading to the charge of being present at a gambling game. There is no evidence tending to show that the district magistrate or the prosecuting attorney said or did anything to induce the belief on the part of the defendant that he would be shown any leniency by reason of entering a plea of guilty or that he would be fined any certain amount. The district magistrate denied the motion of the defendant to change his plea and from the order denying the motion the defendant has appealed directly to this court upon the point of law that the district court erred in denying the

motion of defendant to withdraw the plea of guilty and enter a plea of not guilty.

Permitting a defendant to change the plea after sentence, where he has been misled by anything said or done by the trial court or by the prosecuting attorney resulting in his receiving a greater punishment than the court and prosecuting attorney led him to believe that he would receive, is sustained by some of the authorities (1 Bishop's New Criminal Procedure, Secs. 124, 747; *State* v. *Stephens,* 71 Mo. 535; *State* v. *Kring,* 71 Mo. 551; *Sanders* v. *State,* 85 Ind. 318; *Meyers* v. *State,* 115 Ind. 554; *City of Salina* v. *Cooper,* 45 Kans. 12; *Mounts* v. *Commonwealth,* 89 Ky. 274; *People* v. *Richmond,* 57 Mich. 399; *Cochrane* v. *State,* 6 Md. 400). In this jurisdiction the rule is established that an application to withdraw a plea of guilty and enter that of not guilty is within the sound discretion of the trial court and will not be disturbed on appeal in the absence of abuse of discretion (*Territory* v. *Chamberlain,* 20 Haw. 103). It is not an abuse of discretion for the trial court, after a plea of guilty and sentence in a misdemeanor case, to refuse defendant's motion to change his plea from that of guilty to that of not guilty, where there is no showing that the defendant was misled by anything said or done by the court or prosecuting attorney, although the defendant was sentenced to pay a larger fine than he believed from statements made by a police officer would be imposed upon him.

The order of the district magistrate refusing to permit the defendant to withdraw his plea of guilty and enter a plea of not guilty is affirmed.

*A. M. Brown,* City and County Attorney, *W. T. Carden,* Second Deputy City and County Attorney, for the Territory.

*L. L. Burr* for defendant.