## No. 16,348.

### HARDIN v. THE PEOPLE.
(216 P. [2d] 429)

Decided March 6, 1950.

Mr. F. NELSON PABST, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. RAYMOND B. DANKS, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

REVIEW of the action of the trial court in denying a petition for writ of certiorari.

■ ■ Although definiteness of allegation in that regard does not attend, for the purposes of examination and determination we accept the statement of plaintiff in error in his brief, which is to the effect, that, May 2, 1949, he was apprehended and brought before a justice of the peace on the charge of "driving an automobile while under the influence of intoxicating liquor." It is informing to state that the charge involves a misdemeanor. S.L. '35, p. 785, §72; S.L. '39, p. 214, §1; S.L. '39, p. 229, §4; '49 Supp. '35 C.S.A., c. 16, §187. Also, that it is an offense concerning which a justice of the peace, concurrently with county and district courts, has original jurisdiction. '35 C.S.A., c. 96, §158. For like purpose, although again there is lack of factual allegation, we assume the justice, proceeding on the day plaintiff in error was apprehended and brought before him, and on a plea of guilty, adjudged such guilt and imposed some penalty, but what the visitation was, does not appear even in the brief of plaintiff in error.

The record further indicates that June 22, 1949, plaintiff in error filed in the appropriate county court a petition for writ of certiorari, complaining: (1) That the "judgment is erroneous and unjust in that * * * [he] was not advised before the trial or at the time of the trial that he was entitled to the benefit of counsel and to a trial by jury and that he could not be compelled to testify against himself;" (2) that at the time of the arrest the justice refused to "set or accept a cash

bond," although, as alleged, one Wattenburg was present, and "ready and able to make cash bond;" (3) that the arresting officer told defendant that he was going on his vacation in the morning and would not be back for over a week;" (4) that by reason of the foregoing he was "forced to plead guilty to avoid * * * confinement in jail" pending trial. Based thereon, plaintiff in error sought "review" of what he denominated "final judgment by" the justice before whom he was brought as already stated, and prayed that an order be "issued to the aforesaid justice court for a retrial of this case." On challenge by the district attorney, the county court determined that the petition for certiorari was insufficient, and adjudged denial of the writ.

 ██ The law does not provide for review of the acts of a justice of the peace relative to disposition of causes before him. Rather, as we have said, "Whatever the judgment of a justice of the peace in any given case, and regardless of the procedure adopted or employed by [him] * * *, the remedy of an aggrieved party therein is by 'appeal to the county court of the same county.'" *Shotkin v. Denver Publishing* Co., 119 Colo. 463, 204 P. (2d) 1080. The Shotkin action was a civil case, in which, as here, defendant, proceeding by certiorari, also as here, and alleging the erroneous acts of the justice of the peace, sought review of the doings of the justice. We held there, that, "it was the legislative intent that an aggrieved party in a justice of the peace case, wishing to challenge a judgment given there, should take an appeal directly to the county court," as provided in '35 C.S.A., chapter 96, section 140.

Procedurally considered, as we are persuaded, a criminal case instituted in a justice court does not differ in principle from a civil case so originating. In neither instance does the justice function as a court of record, and as to judgment given by a justice in either instance, a simple and non-burdensome statutory appeal to a court of record is provided, where the case is tried anew

on the merits, not reviewed on error. In criminal cases, appeal is provided by '35 C.S.A., chapter 96, section 165. Plaintiff in error took no steps to invoke his statutory right of appeal, nor did he set forth in his petition for writ of certiorari any reason why he had not pursued that course. On the contrary, he proceeded on the mistaken theory that he was entitled to have the acts of the justice reviewed for error, and, if error appeared, to have an order for a "retrial" by the justice.

Since, for reasons already stated, plaintiff in error must fail, as was adjudged below, we do not pause to review the authorities cited in his behalf. On the theory of our disposition of the matter, such authorities are not pertinent. Also, and likewise predicated, we do not discuss in detail the complaints made against the justice. All could have been urged on appeal to the county court, and if not determined there to the satisfaction of plaintiff in error, writ of error would lie in due course.

Let the judgment be affirmed.