No. 17,400.

PEOPLE OF THE STATE OF COLORADO *v.* GRIFFITH.
(276 P. [2d] 559)

Decided November 15, 1954.

Mr. DUKE W. DUNBAR, Attorney General, Mr. GEORGE G. PRIEST, Mr. CHARLES T. BYRNE, for the People.

Messrs. HACKETHAL & McNEILL, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

DECEMBER 26, 1953, a three-count information was filed in the county court of Jefferson county, in which defendant in error, to whom we hereinafter refer as Griffith, was accused of the following offenses: (1) Operating a motor vehicle while under the influence of intoxicating liquor; (2) driving an automobile in excess of the lawful speed limit; and (3) leaving the scene of an auto accident which had caused injury to a person.

There is included in the record before us: The information; copy of the recognizance bond entered into for the release of Griffith pending trial; order entered January 11, 1954 granting the accused "ten days in which to file motion prior to entering his plea;" motion to dismiss the information, and judgment of dismissal entered thereon. The motion to dismiss, omitting the caption, is as follows: "Comes now defendant, John B. Griffith, by his Attorneys, Clement R. Hackethal and William W. McNeill, and respectfully moves the Court to dismiss the information herein filed against him on the 26th day of December, 1953, and discharge said Defendant and his bondsman for the reason that this Court does not have proper jurisdiction of the offenses charged herein or over the person of said Defendant."

The above motion was set for hearing January 29, 1954, and at the conclusion of the argument thereon the trial court entered formal findings and judgment, which included the following:

"1. That the defendant herein was apprehended, arrested and taken into custody without warrant by Paul J. Labane, an officer of the Colorado Highway Patrol; that subsequent thereto the within Information was filed in the County Court of Jefferson County, Bond set, and

the defendant released after making Bond pursuant to said Information and Order setting Bond, all of which acts have been performed without the issuance of a warrant or capias from any Court.

"2. The Court further finds that the procedures herein are defective and contrary to the requirements of the Statutes of the State of Colorado in reference to the apprehension, arrest and the filing of the charges against the defendant.

"3. The Court further finds that the Information herein should be dismissed for the reason that the Court lacks jurisdiction over the person of the defendant, or of the charges made against him in said Information,

"It is therefore ordered, adjudged and decreed that the Information herein is hereby dismissed and held for naught. The defendant is released from any and all custody or control of this Court and his bond released."

In so far as the record before us discloses, no showing by evidence, stipulation or otherwise was made to the trial court concerning the circumstances surrounding the arrest of Griffith. The People, seeking reversal of the judgment dismissing the information, bring the case to this Court for review by writ of error.

Questions for Determination.

First: *Does the county court have jurisdiction over the subject matter of offenses alleged to have been committed under the provisions of the Uniform Safety Code of 1935, and particularly under chapter 16, section 187, '35 C.S.A. as amended, chapter 16, section 189 '35 C.S.A. as amended, and chapter 16, section 174, '35 C.S.A.?*

This question is answered in the affirmative. The trial court must have concluded that under sections 290 and 291, chapter 16, '35 C.S.A., county courts were deprived of jurisdiction in cases of the kind charged in the information in the instant case. Section 290 provides, inter alia:

"Whenever a person is arrested for any violation of

this part punishable as a misdemeanor, the arrested person shall be immediately taken before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense and is nearest or most accessible with reference to the place where said arrest is made, in any of the following cases:

\* \* \*

"(3) When the person is arrested upon a charge of driving while under the influence of intoxicating liquor or narcotic drugs;

"(4) When the person is arrested upon a charge of failure to stop in the event of an accident causing death, personal injuries, or damage to property."

It is argued by counsel for Griffith that the foregoing language, which directs that the arrested person "shall be immediately taken before a magistrate," operates to confer exclusive jurisdiction upon the justice of the peace nearest the place where the arrest is made, and that under said statute the county courts are without jurisdiction to try any of the offenses arising under provisions of the section of the statute above quoted. We cannot agree with this contention.

Section 170, chapter 46, '35 C.S.A., provides: "Original jurisdiction is hereby conferred upon the county courts in each of the several counties of this state, in cases of misdemeanor, and such courts shall hereafter be empowered to try such cases upon information by the district attorney of the district in which such counties are situated." In the case under consideration, all three offenses charged in the information are misdemeanors.

Section 293, chapter 16, '35 C.S.A., provides: "The foregoing provisions of this subdivision shall govern all police officers in making arrests without a warrant for violation of this part of offenses committed in their presence, but the procedure prescribed herein shall not *otherwise* be exclusive of any other method prescribed

by law for the arrest and prosecution of a person for an offense of like grade." (Emphasis supplied).

It is argued that the inclusion of the word "otherwise" in the foregoing statute must have been meant to give exclusive jurisdiction to a "magistrate" in those cases where the alleged offense was committed in the presence of the arresting officer. There is nothing in the record in the instant case to indicate whether the offenses charged were committed in the presence of the officer who made the arrest. Even if such a showing had been made we could not say that a "magistrate" in the person of a justice of the peace would have exclusive jurisdiction of the offense. The statute does not expressly deprive a county court of jurisdiction. To reach the conclusion urged upon us by counsel for Griffith would require us to hold, in substance, that the legislature, by using the word "magistrate" intended to mean a justice of the peace to the exclusion of all other public officials, and impliedly repealed the statute conferring original jurisdiction upon county courts in misdemeanor cases. Repeals of statutes by implication are not favored. *Harrington v. Harrington,* 58 Colo. 154, 144 Pac. 20; *Casados v. People,* 119 Colo. 444, 204 Pac. (2d) 557.

The case of *Hardin v. People,* 121 Colo. 375, 216 P. (2d) 429, involved a charge of "driving an automobile [by defendant] while under the influence of intoxicating liquor." In the opinion in that case the court said: "It is informing to state that the charge involves a misdemeanor. S.L. '35, p. 785, §72; S.L. '39, p. 214, §1; S.L. '39, p. 229, §4; '49 Supp. '35 C.S.A., c. 16, §187. Also, that it is an offense concerning which a justice of the peace, concurrently with county and district courts, has original jurisdiction. '35 C.S.A., c. 96, §158."

It is argued that in the Hardin case "traditional criminal procedures were followed," and that in the instant case the statutory procedures relating to the arrest of Griffith were ignored. Nothing in the record in the present case warrants the latter conclusion.

In *Lambert v. People,* 78 Colo. 313, 241 Pac. 533, it was charged in the information filed in the county court that defendant interfered with or opened a headgate on an irrigation ditch. By a special statute the water commissioner was authorized to arrest persons "violating his orders relative to the opening or shutting down of headgates * * *," and further directed him to, "take such offender before the nearest justice of the peace, who may, if such offender be convicted, fine him * * *." In that case it was contended that this statute gave exclusive jurisdiction to the justice of the peace. This Court declined to follow that argument, and upheld the jurisdiction of the county court.

We deem the foregoing sufficient to indicate that the trial court erred in holding that it was without jurisdiction over the offenses charged in the information in the instant case.

■ ■ Second: *Did the trial court err in holding that it had no jurisdiction over the person of the defendant?*

This question is answered in the affirmative. The pertinent parts of the record before us are that an information was filed against Griffith in a court having jurisdiction over the offenses charged therein; that defendant entered into a recognizance bond for his appearance to answer to said charges at a specific time; and that he applied for, and was granted, time to file a motion before entry of a plea. His motion to dismiss for lack of jurisdiction over the offenses charged in the information was without merit and should have been denied. The motion of counsel for defendant for dismissal upon the ground of lack of jurisdiction over his person is wholly without support in the record, even upon the theory which they argue in their brief; namely, that defendant was arrested without a warrant, and was not taken immediately before a "magistrate." Assuming for the purpose of argument that such a showing had been made of record, it would not follow that the trial court was without jurisdiction over the person of defendant.

The applicable rule stated in 22 C.J.S., page 236, section 144, is, inter alia: "As a general rule, however, the jurisdiction of the court in which an information or indictment is found is not impaired by the manner in which accused is brought before it; courts of criminal jurisdiction not being required to inquire as to how the prisoner came within reach of their mandates, the presence of accused in the court on a proper charge being sufficient to confer jurisdiction of his person thereon, even though he was arrested without a warrant contrary to law. The illegal arrest of one charged with crime is no bar to his prosecution if all other elements necessary to give a court jurisdiction to try accused are present, a conviction in such a case being unaffected by such unlawful arrest."

The judgment is reversed.