No. 20,225.

PUEBLO, A MUNICIPAL CORPORATION *v.* RICHARD TRUJILLO.
(374 P. [2d] 863)

Decided October 1, 1962.

Mr. GORDON D. HINDS, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

To the charge that he had violated the ordinance of Pueblo defining vagrancy, Trujillo pled guilty and was fined $50.00. He then employed an attorney who undertook to appeal the judgment and sentence of the Municipal Court of Pueblo to the County Court. His appeal was attacked in the County Court by a motion to dismiss, on the ground that his plea of guilty left nothing to appeal.

The motion to dismiss was denied. Pueblo announced that it would stand on its motion. When it neither put on evidence in support of the charge, nor offered to do so, the County Court entered judgment of dismissal against the City. An ensuing effort by the City to have the Court reconsider its ruling availed nothing. Concerned over what it considers an erroneous ruling of grave import, Pueblo is here, seeking a reversal by writ of error.

The propriety of the trial court's disposition of the appeal depends upon the construction which should be given C.R.S. '53, 139-36-2 and 139-36-10. The first cited section provides:

"Appeals may be taken by *any defendant* from *any judgment* of a municipal court to the county court of the county in which such municipal court is located, *where the cause shall be tried de novo.*" (Emphasis supplied.)

One appealing from a judgment of a municipal court must file an appeal bond as directed by C.R.S. '53, 139-36-4. The second section, cited above, requires that the bond be "conditioned that the appellant *will duly prosecute such appeal* and satisfy *any judgment that may be rendered upon trial of the case in the county court* to which appeal is taken * * *" (Emphasis supplied.)

It was in effect the view of the county court that the language of the statute was unambiguous and left nothing to interpret; that a literal meaning must be given

to the direct and plain language of the statute; and that, thus considered, the phrases "any defendant" and "any judgment" are totalities which preclude the court from inserting any exceptions in respect to them. We gather from the record that the county court would have heard the case de novo upon the issue of "not guilty" of the accusation, had there been a trial.

Courts are divided on what is the answer to the question we must resolve. It appears, however, that the preponderating authority permits an appeal from a justice of the peace or similar inferior court after a plea of guilty. See annotation, "Plea of guilty in justice of the peace or similar inferior court as precluding appeal," 42 A.L.R. (2d) 995. In some of the decisions holding to the contrary, the statutory language involved is sufficiently different to suggest an opposite conclusion.

Besides our want of authority to amend a statute by tacking on exceptions where the literal sense permits none, we have the rationale of those decisions which uphold appealability, notwithstanding a plea of guilty in the lower tribunal, to buttress our conclusion that an appeal lies in this case. In those decisions it is said, in substance, that the literal meaning expresses the legislative will and intent in the passage of the statute.

Legislatures and courts in these states recognize the fact that the judges and magistrates who preside over inferior tribunals are frequently untrained and unskilled in the law, and that they conduct courts not of record, in which the proceedings are apt to be summary in nature. They also recognize that, because of frequent shortcomings in training in the law, safeguards afforded defendants may be curtailed and, by reason thereof, defendants may not be properly advised of their rights in the premises or adequately warned of the consequences of a plea. *Burris v. Davis*, 46 Ariz. 127, 46 P. (2d) 1084; *State ex rel. v. Frederick*, 124 Fla. 290, 168 So. 252; Annotation, "Plea of guilty in justice of the

peace or similar inferior court as precluding appeal," 42 A.L.R. (2d) 995, at page 1000. See *Hardin v. People*, 121 Colo. 375, 216 P. (2d) 429. Appreciation of these conditions accordingly motivated the enactment of legislation placing only formal restrictions on appeals from such courts.

An early Kansas decision contains language which expresses our conception concerning the literal sense of the statute. "This statute appears to give the right of appeal, regardless of how the justice became informed of the guilt of the defendant — whether by verdict of a jury or plea of guilty. The right to appeal is not limited or restricted to cases wherein the fact of defendant's guilt is found from the evidence introduced on a former trial. It is the judgment pronounced upon the fact from which he may appeal, and not the finding of the fact. Whether it is policy to grant an appeal when the party charged with an offense waives a trial and pleads guilty must be referred to another department of government. The statute authorizes it." *State v. Hedges*, 67 Kan. 176, 72 Pac. 528.

By the mandate of C.R.S. '53, 139-36-2, the county court on appeal shall try the cause de novo. Does this mean that the county court is confined to a consideration of the plea of guilty as entered in the municipal court? We think that an affirmative answer would stultify the statute — indeed, would be against the language and purport of the section as it must be construed in connection with C.R.S. '53, 139-36-10.

"Any defendant" may appeal "any judgment." When he does appeal in compliance with the procedure set forth in the statute, he is entitled to a trial de novo. By his appeal bond, he agrees to "duly prosecute such appeal" and to abide by the judgment "rendered upon the *trial* of the case in the county court." A trial contemplates a consideration and determination of issues. 23 C.J.S. §961. Both sections of the statute put it past dispute that the cause appealed shall be prosecuted and

disposed of in accordance with trial process. *People v. Richmond,* 57 Mich. 399, 24 N.W. 124.

 We hold that the cited sections of the statute mean that the defendant starts afresh in the county court, i.e., if he resolves to contest the charge against him in the county court, he may have a trial de novo there without regard to what took place in the municipal court. *Hardin v. People,* supra; *People v. Richmond,* supra. Any construction affording less than this to the defendant would result in a judicial stricture on statutory language which admits of no such limitation.

The trial court decided the matter rightly, and its judgment is therefore affirmed.