## No. 21330.

### William D. Gottfried *v*. The People of the State of Colorado.
(408 P.2d 431)

Decided December 6, 1965.

DOWNING and KNOWLTON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

AN information in two counts was filed in the district court of the City and County of Denver in which plaintiff in error, hereinafter referred to as the defendant, and one Henry B. Williams, were accused of the crimes of burglary and conspiracy to commit that offense.

The defendant Gottfried entered a plea of not guilty to each count. The issues as to him were tried to a jury which returned a verdict of not guilty on the charge of burglary, and "Guilty of Conspiracy to Commit Burglary as charged in the Second Count of the Information herein." The information was filed on January 2, 1963, and the date of the alleged offense was December 23, 1962. On January 22, 1963, counsel who had been appointed to represent the defendant filed a "Motion to Dismiss" and as grounds therefor alleged:

"1. Defendant is being deprived of his liberty in violation of the Constitutions of the United States of America and of the State of Colorado.

"2. Rule 5(a) (2) of the Colorado Rules of Criminal Procedure states:

" 'Any person making an arrest without a warrant shall take the arrested person within a reasonable time before the nearest available justice of the peace.'

"3. Defendant was arrested on December 23, 1962,

without a warrant, and placed in custody in Denver City Jail.

"4. Although a justice of the peace is located in the same building with the City Jail and is maintained in said building for the purpose of compliance by arresting authorities with Rule 5(a) (2), defendant was not taken before said justice of the peace until five days following his arrest, December 23, 1962, at approximately 8:30 A.M. Such five day period constitutes an unreasonable delay.

"5. Rule 5(a) (2) further states:

" 'When a person thus arrested is taken before a justice of the peace, a complaint shall be filed forthwith in the county where the crime allegedly was committed, and a copy of the complaint shall be given to the accused person within a reasonable time.'

"6. Defendant appeared, as aforesaid, before a justice of the peace, at 8:30 A.M. December 26, 1962, and was advised that a complaint would be filed against him forthwith.

"7. No complaint was filed against the defendant until 9:56 A.M. on January 2, 1963.

"8. The time for the filing of a valid complaint and information against the defendant expired on December 28, 1962, when such complaint and information were not filed forthwith, as required by Rule 5(a) (2).

"9. The time for filing said complaint and information having expired on December 28, 1962, the complaint and information filed on January 2, 1963 is void and of no force and effect, and the retention of the defendant in custody under such complaint and information is in violation of the Constitutions of the United States of America and the State of Colorado."

This motion was denied on February 18, 1963. The trial began on August 20, 1963, and was concluded the following day with the result hereinabove indicated. In due course judgment entered on the verdict of the jury and the defendant was sentenced to a term in the state

penitentiary of not less than seven nor more than ten years.

Counsel presents his argument for reversal of the judgment under three captions as follows:

A. "The trial court erred in failing to dismiss the charges against the defendant pursuant to the motion filed on January 22, 1963.

B. "The trial court erred in failing to rule in favor of the defendant on his motion for a directed verdict of not guilty on both counts at the conclusion of the People's case, at the conclusion of the defendant's case, and on the motion for a new trial or for judgment of not guilty notwithstanding the verdict.

C. "The court erred in giving Instruction No. 10 concerning the possession of stolen property, and refusing to instruct the jury in accordance with the defendant's Instruction No. 1."

 Defendant's principal grievances are that he was not taken before the justice of the peace within a reasonable time and that a complaint against him was not filed forthwith. These contentions were answered by this court in *People v. Griffith,* 130 Colo. 475, 276 P.2d 559, where it was said:

"* * * The motion of counsel for defendant for dismissal upon the ground of lack of jurisdiction over his person is wholly without support in the record, even upon the theory which they argue in their brief; namely, that defendant was arrested without a warrant, and was not taken immediately before a 'magistrate.' Assuming for the purpose of argument that such a showing had been made of record, it would not follow that the trial court was without jurisdiction over the person of defendant. The applicable rule stated in 22 C.J.S., page 236, section 144, is, inter alia: 'As a general rule, however, the jurisdiction of the court in which an information or indictment is found is not impaired by the manner in which accused is brought before it; courts of criminal jurisdiction not being required to inquire as to

how the prisoner came within reach of their mandates, the presence of accused in the court on a proper charge being sufficient to confer jurisdiction of his person thereon, even though he was arrested without a warrant contrary to law. The illegal arrest of one charged with crime is no bar to his prosecution if all other elements necessary to give a court jurisdiction to try accused are present, a conviction in such a case being unaffected by such unlawful arrest.' "

This rule was again approved in *Lowe v. People,* 139 Colo. 578, 342 P.2d 631.

 The defendant concedes that the prejudice resulting from this alleged noncompliance with Rule 5(a) (2) is at best conjectural. It hardly seems necessary to point out that every presumption is indulged in favor of the regularity of the proceedings in the trial court and the burden of showing error is on the party asserting it. *Kallnbach v. People,* 125 Colo. 144, 242 P.2d 222; *St. Louis v. People,* 120 Colo. 345, 209 P.2d 538; *Jones v. People,* 93 Colo. 282, 26 P.2d 103. And since the objection does not go to the merits of the controversy, the duty is upon the defendant to show prejudice, if any, *People v. Brown,* 87 Colo. 261, 286 Pac. 859.

But the defendant asserts that the necessity of showing prejudice is suspended where a constitutional principle has been violated. It is not necessary to consider the validity of this broad generalization, since the defendant has wholly failed to specify just what constitutional principle, privilege or right has been violated or denied to him.

Great reliance is placed on *Mallory v. U. S.* 354 U.S. 449, 77 S. Ct. 1356, 1 L.Ed.2d 1479, to support the contention that noncompliance with Rule 5(a) (2) resulted in a violation of some nebulous constitutional right. *McNabb v. U. S.,* 318 U.S. 332, 63 S. Ct. 608, 87 L.Ed. 819, and *Upshaw v. U. S.,* 335 U.S. 410, 69 S. Ct. 170, 93 L.Ed. 100, are also cited as demonstrative of the argument. They are clearly distinguishable upon the facts.

In those cases confessions were obtained during the period of prolonged detention and they were admitted upon the trial. The Supreme Court of the United States held such confessions to be inadmissible and ordered a new trial. These cases are certainly not authority for the proposition being asserted here that the charges must be dismissed and the defendant discharged.

■ It is our considered judgment that the defendant in the instant case was not denied any constitutional right and no prejudice was shown by a delay in the presentation of the defendant before a magistrate or in the filing of the information following his arrest.

■ With reference to the assignment hereinabove quoted under "B" it is sufficient to say that there was ample competent evidence to support the verdict. The judgment entered thereon is therefore proper.

■ The defendant objected to the giving of Instruction No. 10 which informed the jury that, "* * * possession of stolen property recently after the commission of theft or burglary may be a criminating circumstance tending to show that the person or persons in whose possession it was found was guilty of the offense of burglary * * *." The objection was that the instruction was not adequate to protect the defendant on his theory of the case that he had no knowledge of the stolen character of the property. Assuming arguendo that the instruction could have been improved upon, it could not have prejudiced the defendant for the simple reason that he was acquitted on the charge of burglary, and the instruction given was in nowise applicable to the count upon which he was convicted.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.