Earl A. Wolvington, District Judge,*
delivered the opinion of the Court.
The plaintiffs in error will be referred to as defendants or by name. The defendant Pew was charged in the District Court of the City and County of Denver in six counts with burglary, conspiracy to commit burglary, larceny, conspiracy to commit larceny, receiving stolen property, and conspiracy to receive stolen property. The defendant Sharp was charged with the last five counts set forth above. The jury found the defendants guilty of receiving stolen property and conspiracy to receive stolen property and not guilty as to the other counts.
A warrant to search the premises known as 3709 Cook Street in the City and County of Denver was issued upon the following affidavit:
“Information furnished to Det. W. S. Hayes and I. Nilson by an informant, who on several previous occasions has proven to be reliable, and is consistant [sic] with information that has been recieved [sic] by Det. W. S. Hayes and I. Nilson in the investigation of this case.”
Property seized under this warrant was admitted into evidence over defendants’ objection. Error is predicated on the admission of this evidence.
The Attorney General confesses error in this regárd *13 inasmuch as the affidavit does not measure up to the standards requiring a showing of the underlying circumstances to support the belief that the stolen property was on the premises to be searched. We agree. Therefore, the evidence should have been suppressed. See People v. Brethauer, 174 Colo. 29, 482 P.2d 369, and cases cited therein.
The two remaining arguments raised in the defendant’s brief are that the instruction tendered the jury on the question of larceny was prejudicial and second, that there was no evidence to establish that the value of the property received exceeded $50. (The alleged offense was committed prior to the enactment of 1967 Perm. Supp., C.R.S. 1963, 40-5-2, which statute changed the minimum value of stolen property required for a felony conviction from $50 to $100.)
As to the instruction on larceny, the defendant was acquitted on this charge and cannot be charged with larceny on retrial. Thus, there was no prejudice to the defendant, nor will the challenged instruction as it relates to larceny be pertinent to the remaining issues on retrial. See Gottfried v. People, 158 Colo. 510, 408 P.2d 431.
Inasmuch as the case is being reversed, there is no necessity for us to rule on the question of whether the evidence of value presented in the first trial was sufficient as a matter of law to prove that the value exceeded $50.
The judgment is reversed and the cause is remanded for. a new trial on the charges of receiving stolen property and conspiracy to receive stolen property.
William L. Gobin, District Judge,* participating.
Mr. Justice Groves and Mr. Justice Erickson not participating.

 District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.