## No. 24191

### Glen P. McCune, a/k/a Glen Perkins McCune v. The People of the State of Colorado
(499 P.2d 1184)

Decided August 8, 1972.

W. C. Kettelkamp, Jr., for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Glen Perkins McCune was convicted of second-

degree murder as a result of the shooting to death one Chester Palek at the home of defendant's former wife. The defendant urges reversal on several grounds, none of which we find to be meritorious. We therefore affirm.

## I.

Defendant's first contention is that the trial judge erred in refusing to instruct the jury on the elements of common-law marriage. The defendant and his former wife, Shirley, were first married in 1948, divorced in 1963, remarried in 1964, and finally divorced again in October of 1968. However, they continued to live together until November 8, 1968, when Shirley moved to another residence, where the homicide occurred two days later. It is the defendant's contention that this continued cohabitation after divorce constituted a common-law marriage and that the jury should have been instructed on the elements of common-law marriage in connection with the theory that defendant shot the victim as the result of intense provocation.

The court found that there was no evidence of a common-law marriage. It was therefore not error to refuse to instruct on the elements of this relationship. The gravamen of defendant's argument lies in the theory of provocation as it affects the degree of homicide involved. That is, that defendant's love for Shirley and his jealousy of her paramour was the provocation for defendant's killing of Palek.

The instructions in a case must be read and considered as a whole. *Mathis v. People,* 167 Colo. 504, 448 P.2d 633 (1968). Provocation being the essence of defendant's argument, it is our view that the jury was adequately instructed on provocation as it affects the degrees of homicide. The jury also had before it ample testimony concerning the sordid love triangle which enveloped the McCune's and Palek. In *Gallegos v. People,* 116 Colo. 129, 179 P.2d 272 (1947), this court reiterated the elementary principle that "once a principle is covered it is no error to refuse to repeat the instruction in other language." All that is required is that the defendant's theory of the case be accurately embodied in the instructions given by the court.

*Clews v. People,* 151 Colo. 219, 377 P.2d 125 (1962).

■ Applying the above principles to the case at hand, it is our view that the jury was adequately instructed on defendant's theory of provocation. No error is involved in the trial court's refusal to instruct on common-law marriage.

II.

The defendant's second assignment of error is that the trial court unduly restricted defense counsel in the presentation of the defendant's case. Shirley McCune testified for the People as an eyewitness to the shooting. On cross-examination, defense counsel desired to question Mrs. McCune about her relationship with her husband, her relationship with other men, and about herself. Questions on these subjects were met with objections, the district attorney asserting that these matters were beyond the scope of his direct examination. After initially sustaining the objections, defense counsel made an offer of proof and the court reversed its previous ruling. Defense counsel then went into an extensive examination on these matters. The prosecution then went into these matters further on re-direct examination. When defense counsel then attempted to re-cross examine Mrs. McCune on the material brought out on re-direct examination, the prosecution again objected and was sustained. It is this final ruling of the trial court to which defendant now objects.

■ We agree with defendant's contention that in a murder case, a wide latitude should be permitted on cross-examination of prosecution witnesses. It is our view, however, that regardless of the limitation placed upon the scope of this testimony, the defendant was not prejudiced by the rulings of the trial court. *See* e.g., *Raullerson v. People,* 157 Colo. 462, 404 P.2d 149 (1965); *Castro v. People,* 140 Colo. 493, 346 P.2d 1020 (1959); and *Ingles v. People,* 90 Colo. 51, 6 P.2d 455 (1931).

■ The scope and limits of cross-examination are determined by the trial judge, and absent an abuse of discretion his rulings will not be disturbed on review. *Archina v. People,* 135 Colo. 8, 307 P.2d 1083 (1957). The record here does not show that the trial judge abused his discretion. The jury had

before it ample testimony concerning the marital relationship and respective infidelity of both Mr. and Mrs. McCune. By his final ruling, the trial judge stated that the matters embraced within the defendant's offer of proof should have been explored in cross-examination and would not be permitted in re-cross examination. No reversible error is involved.

## III.

The defendant's third assignment of error is that the trial judge made unfavorable comments in the presence of the jury which reflected upon defendant's case. The specific remark pointed to in support of this contention was made in the course of the arguments and rulings dealt with in section II, *supra,* where the judge said:

". . . , and in fact, I'm not sure that I haven't allowed the defendant to proceed a good deal further than they should have."

In the context of this case, it is our view that reversible error cannot be predicated upon this statement. In *Rogers v. People,* 104 Colo. 594, 94 P.2d 453 (1939), we held that casual remarks of the trial judge, made while passing upon objections to testimony, although ill-advised, do not constitute reversible error when not so couched as to especially reflect upon defendant. We cannot say that this remark influenced the jury or reflected adversely upon the issue of defendant's guilt or innocence. It therefore does not constitute reversible error. *Bashford v. People,* 110 Colo. 479, 135 P.2d 516 (1943); *Wilder v. People,* 86 Colo. 35, 278 P. 594 (1929); and *Phenneger v. People,* 85 Colo. 442, 276 P. 983 (1929).

## IV.

The defendant contends that the trial judge allowed an unqualified person to testify as an expert witness. The witness in question was one James F. Shumate who was called upon to testify as to the amount of alcohol in defendant's blood at the time he shot Palek. Shumate held a Bachelor of Science degree in Chemical Engineering, but defendant contends that his testimony was directed primarily to the field of medicine.

 The matter of the qualification of an expert witness is discretionary with the trial court, and the court's decision to allow a witness to testify as an expert will not be disturbed on review without a clear showing of an abuse of discretion. *White v. People,* 175 Colo. 119, 486 P.2d 4 (1971); *Scott v. People,* 166 Colo. 432, 444 P.2d 388 (1968); *Stone v. People,* 157 Colo. 178, 401 P.2d 837 (1965); *Denver v. Lyttle,* 106 Colo. 157, 103 P.2d 1 (1940). The record reveals that Shumate was extensively examined on voir dire by defense counsel concerning his qualifications and was further extensively examined by both counsel and the court concerning his opinions. We do not find error in the Court's initial ruling on the qualifications of the witness. This being so, his credibility and the weight to be given to his testimony was a jury question. The trial court properly instructed the jury in this respect.

V.

 The defendant next complains that it was error to allow the prosecution to attempt to attack the character of Raymond McCune, defendant's son, who testified for the defense. The witness at trial appeared in a United States Army uniform. On cross-examination, the prosecutor asked if he was in the military to which an affirmative answer was given. The prosecutor then asked if the witness had made any attempts to get out of the army to which a negative answer was given. Further cross-examination revealed that the witness was in fact trying to get out of the army on the grounds of family hardship. Defendant now asserts that this was an attack on the witness' character where good character had not been made an issue. In our view, this was rather an attack upon the witness' veracity and credibility rather than character assassination. The prosecutor did no more than bring to light a deliberate prevarication from the witness. We do not regard this as reversible error.

VI.

 The defendant asserts that it was error to admit portions of defendant's diary into evidence without admitting the entire document. The portions which were admitted

contained threats against the life of Palek. As a general rule, an entire statement is admissible if any portion thereof is admissible. *Graham v. People,* 134 Colo. 290, 302 P.2d 737 (1956). We are here dealing, however, with not one, but a series of so-called statements. The entries or statements in the diary were made at different times and related to various events. There was no apparent continuity between the various entries, nor were most of them relevant to the issues being tried. In *Gallegos v. People,* 157 Colo. 484, 403 P.2d 864 (1965), we stated:

"We are committed to the rule that admits into evidence only those parts of the statement which have relevant reference to that part of the statement already made known to the court and jury."

Here, the defendant made no showing on continuity or relevance in the record. The burden was on the defendant to do so. *Gottfried v.People,* 158 Colo. 510, 408 P.2d 431 (1965).

## VII.

As to the defendant's last contention of error regarding a lack of clarity in the instruction and in the forms of verdict presented to the jury, we find no merit. The instruction on the various verdicts which could be returned by the jury is clearly understandable and free of any confusing language. Likewise, the verdict returned by the jury stating that the defendant is found guilty of second-degree murder is a clear and concise statement of the jury's determination.

Judgment affirmed.

MR. JUSTICE ERICKSON not participating.