**CITY OF RIVERSIDE, Plaintiff and Appellee,**

v.

**Thomas S. HELENSKE, Defendant and Appellant.**

**Cr. No. 870004.**

Supreme Court of North Dakota.

Sept. 29, 1987.

Dean A. Rindy of Ohnstad & Twichell, West Fargo, for plaintiff and appellee.

David C. Thompson of Craft & Thompson, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

This case presents the question of whether an appeal may be taken from a municipal court conviction based upon a valid plea of guilty entered before a lawyer judge.

We hold that under the circumstances of this case, it may not and we affirm.

On September 22, 1986, Thomas S. Helenske appeared without counsel before the municipal court for the City of Riverside and pleaded guilty to the charge of driving while under the influence in violation of a city ordinance. The municipal judge imposed a $500 fine and sentenced Helenske to thirty days in county jail, suspending $100 of the fine and the thirty-day jail sentence conditionally for one year. Helenske subsequently hired a lawyer and appealed his conviction to the county court.

Arguing that the guilty plea was a waiver of the right to appeal, the City of Riverside moved to dismiss Helenske's appeal. The county court agreed and dismissed Helenske's appeal on the dual grounds that an appeal from a guilty plea entered in municipal court is not expressly provided for by statute and that Helenske's guilty plea waived his right to appeal. Helenske appealed from the county court's order dismissing his appeal.

Helenske does not dispute the validity of his guilty plea, and asserts that the issue before this court is whether a defendant who knowingly and voluntarily pleads guilty in municipal court waives his right to an appeal to county court for a trial anew.

However, the issue as framed by Helenske is too broad and we decide the case on a narrower issue presented by the facts of this case: Does a defendant who has entered a valid plea of guilty before a lawyer judge in municipal court, after being fully and correctly advised of his rights and the consequences of the guilty plea, waive his right to appeal to county court for trial anew? Thus we do not decide the issue of whether the statute governing appeals from municipal court, Section 40–18–19, N.D.C.C.,[1] permits an appeal from all judgments of conviction, whether or not based on a guilty plea, nor do we decide the issue of whether or not an appeal is permitted in an instance in which the guilty plea is entered before a judge who is not law-trained, and in which the record does not reflect whether or not the defendant was properly advised of his rights and the consequences of his plea of guilty.[2]

Although the municipal court is not a general court of record (see Section 27–01–01, N.D.C.C.), in this instance the record before us contains the uncontradicted affidavit of the municipal judge of the City of Riverside, as submitted to the county court on the motion to dismiss the appeal, in which he states:

"5. Prior to accepting said plea of guilty, your Affiant, as Judge of Municipal Court of the City of Riverside, North Dakota, asked the Defendant whether he understood that *such a plea of guilty* to the charge of driving under the influence of alcohol or drugs *would result in his waiver* or loss of right *to* both a trial in the Municipal Court and/or *an appeal.*

1. Chapter 40–18, N.D.C.C., was amended by the Fiftieth Legislative Assembly. See 1987 N.D. Sess.Laws, Ch. 375. Under the new law, the municipal court no longer has exclusive jurisdiction of all offenses against city ordinances. 1987 N.D.Sess.Laws, Ch. 375, § 4. If the defendant has not waived in writing his right to a jury trial in a case where it otherwise exists, the matter must be transferred to the county court for trial. 1987 N.D.Sess.Laws, Ch. 375, § 11. Thus the defendant is given the choice of bypassing the municipal court for a jury trial in county court.

2. The City of Riverside argues that appeals from municipal court are limited by Section 40–18–15, N.D.C.C., which provides that in the event of "an adverse verdict in a municipal court trial, a defendant may exercise his right of appeal as provided for in section 40–18–19 ..." The City observes that there was no "adverse verdict" and thus no appeal is permitted. Helenske argues that Section 40–18–19, N.D.C.C., uses broader language than Section 40–18–15, and permits that an appeal may be taken from a "judgment of conviction." He notes that a judgment of conviction is not limited to those judgments of conviction entered upon pleas of not guilty. As noted above, we do not answer the question of whether or not these sections permit, in all instances, an appeal from a judgment of conviction entered upon a plea of guilty. When that question is determined, Rule 37(g), N.D.R. Crim.P., must also be considered, for Section 40–18–19 provides that an appeal from a judgment of conviction is to be "in accordance with the North Dakota Rules of Criminal Procedure" and Rule 37(g) provides in part that an appeal from a judgment of conviction "constitutes an appeal from any verdict of guilty upon which the judgment is rendered."

The Defendant indicated an affirmative understanding of the waiver of that right and further indicated that he wished to plead guilty with an explanation.

"6. Your Affiant then further inquired of the Defendant whether he understood that such a plea of guilty would waive the Defendant's right to require the City to prove the charge against him beyond a reasonable doubt. Again, the Defendant affirmatively indicated his understanding of that waiver.

"7. Your Affiant also inquired of the Defendant whether or not he understood that such a plea would waive the Defendant's right to have an attorney present at the criminal proceedings against him on this charge. Again the Defendant indicated his affirmative understanding." [Emphasis supplied.]

Compare this record with, for example, *State v. Orr,* 375 N.W.2d 171, 174 (N.D. 1985) ["nothing in the municipal court record to indicate that Orr had been advised of, and waived, his right to counsel prior to pleading guilty.... We cannot presume a waiver of these three important constitutional rights from a silent record"].

The holdings of the United States Supreme Court [e.g., *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] and this court [*State v. Slapnicka,* 376 N.W.2d 33 (N.D.1985)] are that a guilty plea voluntarily entered waives not only nonjurisdictional defects but constitutional rights such as the right to counsel, the right to a jury trial, etc.

Many other jurisdictions have considered this issue and reached conflicting results. See 42 A.L.R.2d 995 (1955). In some instances the language of the particular statute or constitutional provision at issue dictated the result reached by the court. In those cases in which the peculiar wording of the statute or constitutional provision is not the precise basis for the conclusion, few of the cases discuss the effect of the guilty plea. Those cases that do permit an appeal after a voluntary plea of guilty in a municipal or justice court and in which the result is not dictated by the particular wording of the statute or constitutional

provision at issue for the most part reflect an inherent distrust of "inferior tribunals" presided over by judges and magistrates who are "frequently untrained and unskilled in the law, and that ... conduct courts not of record, in which the proceedings are apt to be summary in nature." *Pueblo v. Trujillo,* 150 Colo. 549, 374 P.2d 863, 864 (1962). The dissents in those cases which have denied an appeal under these circumstances express similar concerns. E.g., *Young v. Konz,* 91 Wash.2d 532, 588 P.2d 1360, 1367 (1979) (Utter, J., dissenting). But that situation is not present in this case although it may be an exception to the general situation prevailing in the municipal courts of this State. See Sec. 40–18–01, N.D.C.C. (Sec. 40–18–01 has been amended by the 1987 N.D.Sess. Laws Ch. 375, Sec. 4.)

Thus in this case in which the voluntary plea of guilty was entered before a lawyer judge who fully informed Helenske of his rights and the consequences of his plea of guilty, which included the waiver of the right to appeal, we conclude that by pleading guilty Helenske did waive his right to appeal and we therefore affirm the judgment of conviction.

ERICKSTAD, C.J., and GIERKE, J., concur.

LEVINE, Justice, dissenting.

The majority avoids interpreting section 40–18–19, North Dakota Century Code, instead resting its opinion on the general rule that a voluntary guilty plea waives all nonjurisdictional defects alleged to have occurred prior to the guilty plea, including alleged violations of constitutional rights. *State v. Slapnicka,* 376 N.W.2d 33, 35 (N.D.1985); *State v. Gilley,* 289 N.W.2d 238, 240 (N.D.1980); *State v. Barlow,* 193 N.W.2d 455, 457 (N.D.1971). However, that rule has no application to an appeal from municipal court because such an appeal has nothing to do with "defects", *i.e.,* errors, either nonjurisdictional or jurisdictional. What we are talking about here is a new trial in the county court. "Appeal" is really a misnomer. *See Bryan v. Miller,* 73 N.D. 487, 16 N.W.2d 275, 282 (1944). By its very terms, the above-stated waiver

rule applies to error-correcting appeals, and should not be applied to non-error-correcting "appeals" from municipal court.

Municipal courts are not courts of record. While not making a record may reduce expenses and allow cases to move quickly through these busy courts, the shortcut reduces the protections for criminal defendants built into more formal proceedings. Thus, a generous right of appeal under NDCC § 40–18–19, provides a reasonable safeguard for a defendant convicted in municipal court.

Further, under the statute in effect at the time, municipal courts had exclusive jurisdiction over all violations of city ordinances. NDCC § 40–18–01 (amended in 1987 N.D.Sess.Laws, ch. 375, section 4, to eliminate the municipal court's exclusive jurisdiction). Under this system, pleading guilty in municipal court may be viewed as a pragmatic way of saving the time and expense of trial in municipal court, in favor of trial in a court of record.

It is significant that eighty-five percent of the municipal judges in North Dakota are not law trained. *See* 1985 Annual Report on the North Dakota Judiciary. Cases upholding the right to appeal from guilty pleas in municipal courts have done so, in part, because the judges who preside over municipal courts are "frequently" untrained in the law, not because all of them were untrained in the law. *See, e.g., Pueblo v. Trujillo,* 374 P.2d 863 (Col.1962). Thus, an appeal from a guilty plea should not be waived simply because, as in this case, the judge happens to be a lawyer. Either an appeal lies or it does not. The general character of the court should guide our analysis, not the exception to that general character.

The plain language of NDCC § 40–18–19 authorizes an appeal from a "judgment of conviction" in a municipal court. A guilty plea is a conviction, and, once accepted, nothing remains but to enter judgment and impose sentence. *See Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274, 279 (1969); *State v. Barlow,* 193 N.W.2d 455, 458 (N.D.1971). A "judgment" in a criminal case constitutes

a judicial determination of guilt based upon a verdict or a plea of guilty. *Vasquez v. Courtney,* 272 Or. 477, 537 P.2d 536, 537 (1975). When the municipal court accepted Helenske's guilty plea and imposed a fine and a suspended sentence, the court in effect entered a judgment of conviction. See Rule 32(b), NDRCrimP. ("A judgment of conviction must set forth the plea, the verdict, and the adjudication of sentence.") That judgment of conviction is appealable.

In my view, it was incorrect to avoid interpreting the statute governing appeals from municipal court, and it was unwise to extend the waiver rule to non-error-correcting appeals. Therefore, I dissent.

MESCHKE, J., concurs.