### No. 25309

**The People of the State of Colorado v. Jose D. Mascarenas**
(509 P.2d 303)

Decided April 23, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, Jose Domian Mascarenas, was convicted pursuant to C.R.S. 1963, 40-2-10, of causing the death of another by driving an automobile in a reckless manner while under the influence of intoxicating liquor. Defendant having waived the jury, the trial was to the court. Testimony at the trial indicated that defendant, while driving south on Highway 285, suddenly left the southbound lane and entered the northbound lane. The northbound lane was occupied by a car traveling north and containing one passenger besides its driver. The defendant did not attempt to turn back into his proper lane, causing the two cars to collide almost head-on. The passenger in the northbound vehicle was killed as a result of the collision. At the point of the accident the highway was straight, the weather was clear, and the roads dry. Besides the driver of the northbound vehicle, two eyewitnesses not involved in the accident gave essentially the same account of these events.

The collision injured the defendant and rendered him unconscious. He was taken to Conejos County Hospital for treatment. While unconscious a sample of his blood was taken by a registered physician at the direction of a highway patrol officer. This specimen of blood revealed a blood alcohol content of 0.198%. The toxicologist who ran the blood test testified that anyone with that percentage of alcohol in the blood stream would have his motor reflexes impaired and, in his opinion, would be under the influence of an intoxicating beverage for purposes of operating a motor vehicle.

There was also testimony by both police officers who investigated the accident that the defendant had an odor about him which bore resemblance to the odor of alcoholic beverages.

The defendant argues for reversal of his conviction on two grounds. First, he argues that evidence that he was under the influence of intoxicating liquor, if considered without the

benefit of the presumption contained in 1969 Perm. Supp., C.R.S. 1963, 13-5-30(2)(d), is insufficient to sustain the conviction. Second, defendant maintains that the presentment of several inadmissible exhibits, even though rejected by the trial court, prejudiced his cause and requires reversal. We do not agree with defendant's contentions and affirm the trial court's judgment of guilty.

I.

Defendant maintains that since this Court has held that the implied consent statute, 1969 Perm. Supp., C.R.S. 1963, 13-5-30, does *not* apply to felonies, *People v. Sanchez*, 173 Colo. 188, 476 P.2d 980, the provision of part (2)(d) of that section dealing with the amount of alcohol in the blood necessary to raise a presumption of being under the influence of intoxicating liquor is equally inapplicable to the question of defendant's being under the influence of intoxicating liquor for purposes of his liability for this felony. Without the benefit of this presumption the defendant maintains the evidence of his having been under the influence of intoxicating liquor is insufficient and thus an element of the crime has not been proven. We have searched the record and we find *no* indication that any statutory presumption was relied on or even remotely considered by the trial court in reaching its judgment of guilty. Therefore, in order to dispose of defendant's contention, we need only determine whether the trial court's judgment that the element of being "under the influence of intoxicating liquor" was proven is supported by the evidence.

Besides testimony that the defendant was driving on the wrong side of the road, both investigating officers testified that defendant had an odor of alcohol about him, and the toxicologist who performed the blood test testified that defendant had a blood-alcohol content of 0.198% and that any other person with that percentage amount of alcohol in his blood would have his motor reflexes impaired, and in his expert opinion such a person would be obviously under the influence of intoxicating liquor while operating a motor vehicle.

The defendant has not challenged the toxicologist's qualifications as an expert, and we have held the weight of such expert testimony for purposes of establishing whether the defendant was under the influence of intoxicating liquor as required by this statute is for the trier of fact. *Kallnbach v. People,* 125 Colo. 144, 242 P.2d 222. Thus, this expert's testimony that the defendant's ability to drive was impaired as the result of intoxicating liquor is itself sufficient to sustain the conviction. When the expert testimony is considered together with the testimony of the two investigating officers concerning the alcoholic odor about the defendant immediately after the accident, and the testimony that defendant was driving on the wrong side of the road, the evidence of defendant being under the influence of intoxicating liquor is abundant and sustains the verdict of guilty.

## II.

Defendant also argues that the trial court's exposure to several exhibits which it rejected as inadmissible were of such an inflammatory nature that their mere presentment prejudiced the defendant's case. This contention is without merit. The defendant voluntarily waived the jury and it can be safely assumed he was aware that when legally inadmissible evidence is presented in good faith by the People, the trial judge has no recourse but to examine the evidence and rule on its admissibility. The defendant cannot be heard to complain when he voluntarily and with advice of counsel created a situation which by necessity made the trial judge both the one who decides if evidence is admissible and the one who renders the verdict. The trial court rejected the evidence here, and and we must assume that he carried out his judicial duty and did not consider the evidence in arriving at his judgment. It is presumed that a trial judge disregards incompetent evidence, and his judgment will not be disturbed unless it is clear that he could not have reached the result he did but for the incompetent evidence. *See Birmingham v. State,* 228 Wis. 448, 279 N.W. 15; *Vanadium Corp. of America v. Wesco Stores Co.,* 135 Colo. 77, 308 P.2d 1011.

The judgment is affirmed.