## No. 25459

## The People of the State of Colorado v. Dennis D. Thompson
(511 P.2d 909)

Decided July 9, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, Dennis D. Thompson, was convicted of breaking and entering without force an apartment in Colorado Springs, Colorado, with intent to commit the crime of theft, in violation of 1965 Perm. Supp., C.R.S. 1963, 40-3-5. Defendant having waived the jury, the trial was to the court. On direct examination, the defendant testified that he had never been convicted of a felony. The district attorney, on cross-examination, asked about a specific prior felony conviction, which the defendant denied. At this point the district attorney claimed surprise and made an offer of proof on an F.B.I. record sheet, requesting the court to grant a continuance in order to have the time to get official records regarding the prior offenses indicated on the F.B.I. sheet.

Defense counsel thereupon requested a mistrial on the grounds that inadmissible evidence of a prior conviction had been placed before the judge. The trial court denied the district attorney's request for a continuance, advised that it was striking all reference to the prior conviction in question and, thereupon, denied the defendant's motion for a mistrial.

Defendant now argues that the conviction must be reversed, contending that the trial court erred in refusing to grant the motion for a mistrial after it was aware of the uncertified prior conviction. We do not agree and we affirm

the judgment of the trial court.

 A defendant who elects to be a witness in his own behalf in a criminal case subjects his credibility to question, like any other witness, and he may therefore be examined on the matter of previous felony convictions. C.R.S. 1963, 154-1-1; *Bowland v. People,* 136 Colo. 57, 314 P.2d 685. As we have pointed out, however, questions about prior felonies must be asked by the prosecuting attorney in good faith; and it is within the judge's discretion to determine whether good faith is present. *People v. Lewis,* 180 Colo. 424, 506 P.2d 125. The only way that counsel can establish good faith if the defendant denies prior felony convictions is to make an offer of proof to the court.

This is what the district attorney did here. He offered in good faith to obtain the certified copies of the conviction so as to make the matter admissible. However, the court denied that request and, as we have pointed out, elected rather to strike any references to the matter so far as it was concerned.

 The defendant voluntarily and with advice of counsel waived the jury. We have held that a defendant in such circumstances cannot be heard to complain when he creates a situation which necessarily makes the trial judge both the one who decides the admissibility of evidence and the one who renders the verdict. *People v. Mascarenas,* 181 Colo. 268, 509 P.2d 303. We must assume that the trial court carried out his judicial duty and did not consider the complained of matter in arriving at this judgment. *People v. Mascarenas, supra.*

The judgment is affirmed.