## No. 26545

### The People of the State of Colorado v. Charles X. Travis

(558 P.2d 579)

Decided November 29, 1976. Rehearing denied January 31, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, Carol Gerstl, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Early in the morning of April 3, 1971, during a pool game, a dispute arose between the defendant and the deceased over five dollars. In the course of the argument the defendant allegedly drew a gun, and shot and killed the deceased. The police, given the defendant's name by witnesses, arrested him at his home later that day, and he was subsequently tried and convicted of second-degree murder. After considering his allegations of impropriety at that trial, we affirm.

I.

Defendant first contends that comments made before the jury relating to his silence to the police constituted error. During questioning of the arresting officer by the prosecution, the following colloquy occurred:

Q. What did you do after placing Mr. Travis under arrest?

A. We placed him under arrest, advised him of his rights, at which time he stated he did not wish to make any statement. He wanted an attorney.

Following an *in camera* hearing, the trial judge overruled the defense counsel's objection to the comment. Defendant's counsel stated at the time that he did not attribute any misconduct to the district attorney. Later, after the defendant testified during cross-examination that he returned

home after the incident because he had nothing to hide, the prosecution asked, "So then I assume, you called the police and told them you had nothing to hide?" Objection was made, and the prosecution withdrew the question.

 We do not believe that under the circumstances of this case the complained of answer by the police officer constitutes reversible error. As this court has repeatedly held, unintentional evocation of testimony relating to the exercise by a defendant of his Fifth Amendment rights does not, in and of itself, require reversal of a conviction unless the commentary was so gross in character as to provoke an inference of guilt by the jury. *See People v. Key*, 185 Colo. 72, 522 P.2d 719 (1974); *Meader v. People*, 178 Colo. 383, 497 P.2d 1010 (1972); *Johnson v. People*, 172 Colo. 406, 473 P.2d 974 (1970); *Martinez v. People*, 162 Colo. 195, 425 P.2d 299 (1967); *see also United States v. King*, 485 F.2d 353 (10th Cir. 1973); *People v. Hauschel*, 37 Colo. App. 114, 550 P.2d 876 (1976).

 As to the second comment, while silence may not be used to impeach a defendant, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the suspect question propounded upon cross-examination of the defendant here was immediately withdrawn by the prosecution upon objection by defense counsel. It was not raised on the motion for new trial, nor on the briefs submitted here. It arose only in oral arguments. In our view, the reference here is so minimal as to be harmless beyond reasonable doubt and does not constitute plain error. Thus, there was no reversible error within the doctrine of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

## II.

 Second, the defendant alleges that the instructions relating to self-defense were improper. The instruction defining the legal concept of self-defense began, "It is the defendant's theory of the case. . . ." The defendant contends that this phrase served to shift the burden of proof to the defendant to support his "theory of the case." It is, however, axiomatic that instructions are to be read as a whole and that "if taken as a whole they adequately inform the jury of the law, there is no reversible error." *People v. Manier*, 184 Colo. 44, 53, 518 P.2d 811, 816 (1974). *See also People v. McCune*, 179 Colo. 262, 499 P.2d 1184 (1972). In this case, the other instructions adequately informed the jury of the prosecution's obligation to prove guilt beyond a reasonable doubt.

## III.

 Finally, the defendant contends that it was error for the prosecution to ask the defendant for the dates of his prior felony convictions after this had already been established on direct examination. Prior felony convictions may, of course, be used for the purpose of impeachment. *See People v. Thompson*, 182 Colo. 198, 511 P.2d 909 (1973). *See also*, section 16-90-101, C.R.S. 1973; *People v. Yeager*, 182 Colo. 397, 513 P.2d

1057 (1973). If, indeed, the prosecution's question was cumulative, it was not reversible error. *See People v. Manier, supra.*

We affirm.

MR. JUSTICE HODGES not participating.