The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

· Carlos DeLEON, Defendant-Appellant.

No. 79CA0347.

Colorado Court of Appeals,
Div. IV.

March 27, 1980.

Rehearing Denied April 24, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., R. Michael Mullins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Greg Walta, Colorado State Public Defender, William Sublette, George A. Johnson, Deputy State Public Defenders, Denver, for defendant-appellant.

SILVERSTEIN,* Judge.

Defendant appeals his conviction by a jury of attempt to commit third degree sexual assault by force, intimidation and threat. Defendant asserts two issues on appeal: That the evidence does not support the conviction, and that the defendant was improperly sentenced. We affirm.

The record discloses that at about midnight the victim was walking home when she was grabbed by defendant and carried into some bushes, where defendant threw dirt in her eyes, pulled down her underpants, and unzipped his pants. There was no penetration.

During all this time, the victim ·was struggling and screaming. Her screams were heard by passers-by, who came to her aid. Defendant ran from the bushes pulling up his pants. He was seized momenta-

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), § 24–51–607(5), C.R.S.1973 (1979 Cum.Supp.).

rily by one of the men who came to the scene, but broke loose, and ran off, limping.

## I.

The pertinent statutes are:

Section 18–3–404, C.R.S.1973 (1978 Repl. Vol. 8)

"Sexual assault in the third degree. (1) Any actor who knowingly subjects a victim to any sexual contact commits sexual assault in the third degree if:

(a) The actor knows that the victim does not consent . . .."

Section 18–3–401(4), C.R.S.1973 (1978 Repl.Vol. 8)

" 'Sexual contact' means the intentional touching of the victim's intimate parts by the actor, . . . or the intentional touching of the clothing covering the immediate area of the victim's . . . intimate parts if that sexual contact can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse."

Defendant asserts that the evidence failed to establish that he had the specific intent of "sexual arousal, gratification, or abuse." He claims the evidence discloses an intent to commit rape. Defendant further sets forth the theory that the third degree sexual assault statute replaces the former crime of indecent liberties, which was distinct from the crime of rape, and that therefore his conviction here cannot stand. We disagree.

■ Whether the present statute supplants the crime of indecent liberties, or some other crime, is immaterial. The sole issue is whether the prosecution proved beyond a reasonable doubt that the defendant violated the statute, as written. The evidence established that defendant's actions could "reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse." Hence, since all the elements of the crime charged were established by the evidence, the fact that defendant's actions might also be construed as evincing an intent to commit rape does not constitute a defense to the charge. *People*

*v. James*, 178 Colo. 401, 497 P.2d 1256 (1972).

## II.

■ Following his conviction, defendant was sentenced for commission of a class 5 felony. Defendant contends that he could only be sentenced as a class 2 misdemeanant because the information alleged that defendant merely attempted to commit the aggravating factors. We do not agree.

Section 18–3–404(2), C.R.S.1973 (1978 Repl.Vol. 8) provides:

"Sexual assault in the third degree is a class 1 misdemeanor, but it is a class 4 felony if the actor compels the victim to submit by use of such force, intimidation, or threat as specified in section 18–3–402(1)(a), (1)(b), or (1)(c)."

Paragraph (1)(a), which is pertinent here, covers the situation in which, "the actor causes submission of the victim through the actual application of physical force or physical violence . . . .."

Here, since the offense charged was an attempt to commit the assault, it was a class 5 felony, pursuant to § 18–2–101(4), C.R.S.1973 (1978 Repl.Vol. 8). If force was not used, then the offense would be a class 2 misdemeanor. Section 18–2–101(6), C.R.S.1973 (1978 Repl.Vol. 8).

Although the information was somewhat inartfully drawn, it sufficiently informed the defendant of the charge against him— that he used force in his attempt to commit the assault—to enable him to prepare a defense to the charge. This is all that is required. *People v. Flanders*, 183 Colo. 268, 516 P.2d 418 (1973).

The information alleged the use of force in defendant's attempt to compel submission by the victim. It did not allege an attempt to use force, as urged by defendant. The evidence established the use of force beyond a reasonable doubt. The sentence was proper.

Judgment affirmed.

SMITH and KELLY, JJ., concur.