The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Arthur J. WATSON, Defendant-Appellant.

No. 81CA0666.

Colorado Court of Appeals.

March 10, 1983.

Rehearing Denied April 7, 1983.

Certiorari Granted Aug. 22, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Arthur Watson appeals his aggravated robbery convictions contending that the trial court erred in denying his motions to dismiss on constitutional and statutory speedy trial grounds, and in failing to instruct the jury properly. We affirm.

The relevant facts are undisputed. On August 14, 1978, the defendant pleaded not guilty to the charges. As a result of various pretrial proceedings, the defendant explicitly waived his speedy trial rights; however, pending trial, the defendant was arrested by federal authorities and placed in custody. On April 1, 1980, the Jefferson County district attorney, believing that the defendant had been sentenced to three consecutive twenty-year terms in the federal penitentiary, moved to dismiss the Jefferson County charges, and the motion was granted.

Later, pursuant to a detainer filed by the El Paso County district attorney under § 24–60–501, C.R.S.1973 (1982 Repl.Vol. 10), the defendant was returned to El Paso County for trial on unrelated charges. The Jefferson County district attorney, upon learning from the El Paso County district attorney that the defendant was in custody

in El Paso County, and that the federal sentence was for twenty years only, refiled aggravated robbery and sentence enhancement counts substantially identical to those which had been previously dismissed. The defendant pleaded not guilty on March 4, 1981, and the trial commenced on April 7.

## I.

■ The defendant argues that he was deprived of his constitutional rights to a speedy trial. The argument is without merit.

The foundation of the defendant's argument rests upon the proposition that the critical time period commences with the original arraignment on August 14, 1978, and continues until commencement of trial on April 7, 1981. We disagree.

In *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), the United States Supreme Court addressed precisely this issue in the Sixth Amendment context. Pointing to its holding in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) that the speedy trial clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused, the court said:

> "Although delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment, *see United States v. Lovasco,* 431 U.S. 783 [97 S.Ct. 2044, 52 L.Ed.2d 752] (1977), or to a claim under any applicable statute of limitations, no Sixth Amendment right to a speedy trial arises until charges are pending.
>
> "Similarly, the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges. Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause."

Insofar as the defendant here argues that he has been deprived of his Sixth Amendment right, *MacDonald* is dispositive. *Klopfer v. North Carolina,* 386 U.S. 213, 87

S.Ct. 988, 18 L.Ed.2d 1 (1967). The speedy trial provisions of the Colorado Constitution are parallel to those of the Sixth Amendment and protect the same interests, and the approach of the Colorado Supreme Court in similar cases has been consistent with the *MacDonald* analysis. *See, e.g., People ex rel. Coca v. District Court,* 187 Colo. 280, 530 P.2d 958 (1975); *Schiffner v. People,* 173 Colo. 123, 476 P.2d 756 (1970). Accordingly, we conclude that the speedy trial guarantee of *Colo. Const.* Art. II, Sec. 16, also is inapplicable after the People, in good faith, have formally dropped the charges, *see United States v. MacDonald, supra,* and no right to a speedy trial arises until there are charges pending.

To the extent that *People v. Dunhill,* 40 Colo.App. 137, 570 P.2d 1097 (1977) and *People v. Wilkinson,* 37 Colo.App. 531, 555 P.2d 1167 (1976) are inconsistent with this holding, we decline to follow them.

## II.

■ The defendant's arguments based on the statutory guarantees of § 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8) and Crim.P. 48 must also fail. The statute and the rule spring from the constitutional guarantees and were enacted for the purpose of providing methods to secure the rights so declared. "If by the circumstances of the case the constitutional guarantee cannot be invoked by an accused, the statutes confer no additional right; otherwise, it may be considered as a tolerance limit for a delay in trial." *In re Application of Schechtel,* 103 Colo. 77, 82 P.2d 762 (1938).

## III.

■ Additionally, the defendant argues that Jefferson County was obliged to try him within the time limitations set forth in the Interstate Agreement on Detainers Act. Again, we disagree.

There being no "untried indictment, information, or complaint" pending in Jefferson County at the time the defendant was returned to Colorado by El Paso County, the Interstate Agreement on Detainers Act

does not apply. *See* § 24–60–501, Article IV(a), C.R.S.1973 (1982 Repl.Vol. 10); *In re Extradition of Beals v. Wilson,* 631 P.2d 1181 (Colo.App.1981).

## IV.

The defendant's arguments that the trial court's instructions on affirmative defense and theory of the case were erroneous are also without merit. These instructions fairly presented to the jury the defendant's theory of the case, *McCune v. People,* 179 Colo. 262, 499 P.2d 1184 (1972), and, when all the instructions are taken together, the jury was properly advised of the applicable law. Thus, there is no reversible error. *People v. Travis,* 192 Colo. 169, 558 P.2d 579 (1976).

The judgment is affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.