**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Paul GALLEGOS, Defendant-Appellant.**

**No. 81CA1228.**

Colorado Court of Appeals, Div. I.

Nov. 10, 1983.

Rehearing Denied Dec. 8, 1983.

Certiorari Denied May 21, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

William S. Retrum, Wheatridge, for defendant-appellant.

PIERCE, Judge.

Defendant, Paul Gallegos, appeals his jury conviction for second degree burglary, theft, and conspiracy. We affirm.

## I.

Defendant first contends the county court committed reversible error when it conducted defendant's preliminary hearing when defendant was not represented by counsel. We disagree.

Because the public defender's office had a conflict of interest, no public defender would represent defendant in this matter. Therefore, just prior to the commencement of the preliminary hearing, the trial court appointed counsel for defendant. The attorney appointed to represent defendant, however, was out of town at the time. Therefore, defendant was not represented during the preliminary hearing.

One of the investigating detectives testified at the preliminary hearing. The detective identified defendant in court after having testified that he had observed defendant frequently during surveillance as defendant drove a 1974 navy blue Cadillac with a license plate denominated "T.P."

The detective further testified he had conducted surveillance for several weeks prior to the incident involved here. He testified that he had seen the navy blue car, driven by defendant, on the night of the burglary, at a motel where three of the persons subsequently accused in the burglary met.

After being informed of the burglary, this detective instructed members of his surveillance team to go to an apartment building where one of the three persons who had met at the motel resided to ascertain whether the Cadillac was parked nearby. The Cadillac in question was found to be parked there. Thereafter, the four individuals, including the defendant, walked from one of the apartments to the Cadillac, each of whom opened one of the four car doors. At this time, police detained all four individuals, and simultaneously observed a large quantity of jewelry on the floorboard of the automobile.

During trial, this detective's testimony was essentially repeated and was buttressed by testimony from the other investigating detective as well as other prosecution witnesses who linked the jewelry, the car, and the defendant to this particular burglary. *See Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979).

■ The preliminary hearing issue was not raised prior to or during trial, nor by any C.R.C.P. 106 proceeding. *See Zaharia v. County Court,* 673 P.2d 378 (Colo.App. 1983). The preliminary hearing is a "critical stage" of a criminal proceeding at which an accused is entitled to representation. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

However, in *Coleman,* the Supreme Court noted that the error which occurs if a defendant is denied or does not have counsel at the time of the preliminary hearing may, in certain circumstances, be characterized as harmless. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *People v. Myrick,* 638 P.2d 34 (Colo.1981).

■ Following this analysis, we hold that because the case against the defend-

ant was so overwhelming, this error was harmless. The error during the preliminary hearing did not materially contribute to the defendant's ultimate conviction.

## II.

Defendant next contends the trial court erred when it denied his motion to suppress evidence obtained pursuant to a warrantless arrest. He argues the requirements of the *Aguilar-Spinelli* test for determining probable cause were not met. We reject defendant's argument.

Defendant correctly states that, in the recent past, the existence of probable cause to support either a warrantless arrest or search has been tested by considering both the basis of an informant's knowledge, and the reliability of the information itself, *i.e., Aguilar-Spinelli* test. *People v. Glasener,* 191 Colo. 114, 550 P.2d 851 (1976). This two-pronged test, however, has been abandoned by the United States Supreme Court in *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). There, the Supreme Court stated:

"[T]hese elements, [reliability and basis of knowledge] ... should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place.

"This totality of the circumstances approach is far more consistent with our prior treatment of probable cause than is any rigid demand that specific 'tests' be satisfied by every informant's tip.

"[W]e conclude that it is wiser to abandon the 'two-pronged' test established by our decisions in *Aguilar* and *Spinelli.* In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations."

Applying the totality of the circumstances test to the facts here, we conclude probable cause for the arrest was present.

■ The two detectives who conducted surveillance of the suspect prior to the burglary obtained much of their information from conversations with two confidential informants, and from an individual who was named later as co-defendant. The confidential informants specified the individuals by name whom they believed were committing burglaries and described the method used for breaking and entering, as well as the make and year of the vehicle in which the individuals left the burglary scenes. The co-defendant informant relayed information to the detective as to when and where the burglary would occur on the evening in question.

Through surveillance, the detectives saw defendant driving the vehicle described by the informant, and interacting with the other individuals arrested.

These facts, under a totality of the circumstances analysis, lead us to conclude the trial court did not err when it denied defendant's motion to suppress evidence seized following a warrantless arrest. Probable cause was present.

### III.

Defendant next contends the trial court erred when it denied his motion for severance of trial. We disagree.

■ First, we note that the trial court originally granted defendant's motion for severance, but upon the district attorney's suggestion, set a trial date for both defendant and co-defendant. Neither defendant had made statements at any time during the course of their arrest, nor thereafter during questioning by the police.

■ Contrary to defendant's assertion, severance is not mandatory. *People v. Vigil*, 678 P.2d 554 (Colo.App.1983).

### IV.

Defendant also contends the trial court erred in its instructions to the jury regarding unexplained possession of recently stolen goods. Defendant argues the trial court should have followed that instruction set forth by the Supreme Court in *Wells v.*

*People, supra.* In addition, he asserts the trial court should have given the jury a limiting instruction as to him. Again, we disagree.

The instruction given to the jury by the court quotes that found in the *Wells* decision verbatim. Further, this instruction includes phraseology which may be characterized as "limiting" in nature, as it specifically discusses the jury's function in drawing inferences of a defendant's guilt or innocence from evidence of unexplained possession of recently stolen goods by a defendant. In this regard, it states:

> "If the possession by the defendant of recently stolen property is consistent with his innocence, then the jury should acquit the defendant unless he has been proven guilty beyond a reasonable doubt by other evidence in the case."

Defendant does not cite and we have not found authority for the proposition that any additional "limitation" in the instruction should have been provided the jury as well.

Defendant does argue, however, that the trial court erred when it instructed the jury on "joint" unexplained recent possession of stolen goods. Citing *People v. Maes*, 43 Colo.App. 426, 607 P.2d 1028 (1979), defendant asserts such an instruction is proper only if the prosecution demonstrates that the defendants were collectively aware that the disputed items were in their possession.

■ Defendant sets forth the correct rule of law, but ignores facts in the evidence presented to the jury to establish possession and control requisite for conviction of theft. As in *Maes*, the defendants here were seen together both before and after the burglary. Further, the defendants were found together entering the car suspected to be the vehicle used to leave those locations burglarized. When the defendants were arrested, the stolen goods were found in this vehicle. Moreover, each time one of the officers saw defendant here, he was driving the Cadillac in which the goods were found.

Based upon this evidence, a jury could reasonably conclude defendant was aware of the stolen goods.

## V.

Finally, defendant contends the trial court applied an erroneous test for determining the existence of a conspiracy prior to ruling that one detective's testimony would, in part, fall within the purview of CRE 801(d)(2)(E).

 Generally, proof of the existence of a conspiracy is circumstantial and can be inferred from the acts of the parties. *People v. Watson*, 666 P.2d 1114 (Colo.App. 1983). Here, as in *Watson*, proof of the existence of the conspiracy was gleaned by the trial court from the actions of the defendant and two other co-defendants. The trial court found the fact that the defendants were seen together both before and after the incident, standing alone, was not enough to establish a conspiracy. Nevertheless, when these actions were coupled with statements made to others by the co-defendant informant concerning where and when the burglary was to occur, and his subsequent notification to police officers of changes in the plans which "sent officers on a wild goose chase," evidence of a conspiracy was sufficient. We agree with the trial court's analysis, and hence, defendant's argument on this point must fail.

Defendant's remaining contentions are without merit.

Judgment affirmed.

VAN CISE and BABCOCK, JJ., concur.