The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Megual Mariano TRUJILLO, Defendant-Appellant.

No. 82CA0849.

Colorado Court of Appeals, Div. II.

May 3, 1984.

See also 674 P.2d 345.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Daniel Lutz Recht, Deputy State Public Defender, Greeley, for defendant-appellant.

BERMAN, Judge.

Defendant, Megual Mariano Trujillo, appeals his convictions of first degree criminal trespass and criminal mischief over $200 after trial to the court. We affirm.

During the night of May 2, 1981, defendant damaged the outer aluminum and inner wooden doors in a mobile home owned by Eugene Vories. Defendant admits that he knowingly damaged and entered into the mobile home and that he slept there overnight. However, defendant maintains that his conduct was justified under the choice of evils doctrine by his need for shelter after his car ran off the road in a rainstorm on the way to a friend's home in Glade Park, Colorado.

Defendant was found guilty of both first degree criminal trespass and criminal mischief over $200, notwithstanding his affirmative defense of choice of evils. This appeal followed.

Defendant's sole contention on appeal is that the trial court committed reversible error by misapprehending and misapplying the law of the choice of evils defense. Specifically, defendant argues that the trial court essentially misconstrued the choice of evils statute to make lack of criminal intent on the part of the defendant a prerequisite to his availing himself of that defense. Considering the trial court's findings and conclusions as a whole, we perceive no such misinterpretation of the law by the court.

█ Initially, we note that defendant failed to raise this issue in his motion for new trial. Therefore, we may not reverse defendant's convictions absent a showing of plain error affecting defendant's substantial rights. *People v. Constant*, 645 P.2d 843 (Colo.1982).

The affirmative defense of choice of evils is set forth in § 18-1-702, C.R.S. (1978 Repl.Vol. 8). That statute provides, in pertinent part:

"[C]onduct which would otherwise constitute an offense is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur *by reason of a situation occasioned or developed through no conduct of the actor*, and which is of sufficient gravity that, according to ordinary standards of intelligence and morality, *the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.*" (emphasis added)

█ We agree with defendant that one may have the requisite intent of "knowingly" with respect to the offenses charged and still find legal justification for his actions within the choice of evils defense. We observe, additionally, that the trial court also acknowledged this principle when, at one point during the trial, the court stated on the record:

"From the very beginning, the Court has acknowledged and reconfirmed [sic] it at this time that if it is proven that the storm was so severe and conditions were so severe that there would be injury by not seeking shelter in Mr. Vories' trailer, the defense would be viable, and it is merely left then to the people [sic] ... to disprove the ... affirmative defense of choice of evils."

However, despite the acknowledgement of such a principle, the trial court found beyond a reasonable doubt that the prosecution had disproved several of the elements of the affirmative defense of choice of evils, the disproof of any one of which elements destroys defendant's defense under the statute.

First, the trial court found that any private injury which was about to occur to defendant from the wind or rain was, contrary to the requirements of § 18–1–702, C.R.S. (1978 Repl.Vol. 8), occasioned by defendant's conduct. That is, it found that, in view of the road conditions, which were well-known to defendant, 35 to 40 miles per hour was "excessive speed," and, accordingly, it concluded defendant's loss of control of his vehicle on a right-angle turn "was occasioned by [himself,] the actor." Second, the trial court found that "the injury to [defendant was] outweighed by the injury to be prevented [by the criminal trespass and criminal mischief statutes], namely, injury to Mr. Vories' premises." Once again, this finding negated one of the requirements of the choice of evils statute.

In view of these factual findings, which are supported by the record, the trial court did not err in concluding that defendant's conduct was not justified under the choice of evils statute and was, therefore, criminal.

Judgment affirmed.

KELLY and BABCOCK, JJ., concur.