The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ronald Elwood MYERS, Defendant-Appellant.

No. 83CA1387.

Colorado Court of Appeals, Div. I.

Nov. 21, 1985.

Rehearing Denied Jan. 9, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia L. Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Scott Jurdem, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Ronald Elwood Myers, appeals the judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. We affirm.

## I.

Defendant first argues that the trial court erred in allowing the victim's mother to testify that the Department of Social Services had suggested that the victim receive counseling following the assault. He asserts that admission of this evidence violates CRE 608(a) because: (1) the testimony is probative of the credibility of the victim; (2) it was not in the form of opinion or reputation evidence; and (3) it was adduced before the victim testified and, thus, before her credibility was in issue. Because we do not view this testimony as being governed by CRE 608(a), we reject this contention.

CRE 608(a) is identical to its federal counterpart, which addresses impeachment of a witness by opinion or reputation evidence of his untruthful character. *See* III D. Louisell & C. Mueller, *Federal Evidence* § 303, et seq. (1979). The rule provides:

"The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) The evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

■ By its literal terms, CRE 608(a) does not require that all evidence probative of credibility be presented in the form of opinion or reputation testimony and we do not so interpret it. The rule merely states limitations on the use of that kind of credibility evidence. Here, the mother testified to the fact that Social Services had suggested counseling, but no opinion was offered and the victim's reputation for truthfulness was not addressed. Therefore, CRE 608(a) does not apply.

The propriety of receiving this testimony is governed by CRE 402 and 403. Defendant contends that these rules require rejection of the testimony because it was irrelevant and prejudicial. Again, we disagree.

■ Relevent evidence is evidence having any tendency to make a fact more or less probable than it would be without the evidence. CRE 401. Although relevant evidence may be excluded on grounds of prejudice, confusion, or waste of time, *see* CRE 403, such determinations are within the sound discretion of the trial court, *People v. More*, 668 P.2d 968 (Colo.App.1983), and, absent abuse of that discretion, will not be disturbed on appeal. *See People v. Lowe*, 660 P.2d 1261 (Colo.1983).

■ The mother's testimony that the victim had undergone counseling at the suggestion of "Social Services" is relevant to the occurrence of the sexual assault. Further, we conclude that its admission was not unduly prejudicial and, therefore, we cannot say that the trial court abused its discretion in admitting it. *People v. Lowe, supra.*

## II.

Defendant next contends that the jury was not clearly instructed as to the definition of "sexual contact." We disagree.

The instruction provided in part:

" 'Sexual contact' is an intentional touching of another person's intimate parts by the actor, or of the actor's intimate parts by the other person, or the intentional touching of the clothing covering the immediate area of the other person's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse."

Defendant argues that the trial court erred in failing to instruct the jury that the phrase "if that sexual contact is for the purposes of sexual arousal, gratification, or abuse" modifies all acts within the definition, and not merely the last antecedent. Defendant claims that without further instruction the jury was likely to assume that the qualifying phrase, "for the purposes of

sexual arousal, gratification, or abuse" did not relate to "the intentional touching of another person's intimate parts."

 Initially, we note that defendant neither objected to this instruction nor raised the alleged error in his motion for new trial. Therefore, we may not reverse defendant's conviction absent a showing of plain error. *People v. Constant*, 645 P.2d 843 (Colo.1982); *People v. Trujillo*, 682 P.2d 499 (Colo.App.1984). We conclude that no error, much less plain error, occurred.

Although no Colorado case has directly responded to defendant's argument, other cases have applied the qualifying phrase to modify each type of touching and not merely the antecedent. *See People v. Opson*, 632 P.2d 602 (Colo.App.1981); *People v. DeLeon*, 44 Colo.App. 146, 613 P.2d 639 (1980).

As defendant points out, *People v. McPherson*, 200 Colo. 429, 619 P.2d 38 (1980) postulates as a rule of statutory construction that "relative and qualifying words and phrases, where no contrary intention appears, are construed to refer solely to the last antecedent with which they are closely connected." However, that principle has specifically not been adopted by the General Assembly and does not create any presumption of statutory intent. *See* § 2–4–214, C.R.S. (1985 Cum. Supp.).

Moreover, the definition of sexual contact submitted by the trial court to the jury is substantially similar to the definition given in *COLJI–Crim.* No. 12(4) (1983). We are satisfied that the instruction adequately and properly informed the jury as to the law to be applied. *See People v. Travis*, 192 Colo. 169, 558 P.2d 579 (1976).

Judgment affirmed.

BERMAN, J., concurs.

METZGER, J., dissents.

METZGER, Judge, dissenting.

I respectfully dissent.

In part I of the opinion, the majority determines that the mother's testimony, that the Department of Social Services had suggested counseling for the victim because of the sexual assault, is not evidence tending to show the victim's credibility. Thus, it reasons, the provisions of CRE 608 do not apply. Then, in part II, the majority concludes that the mother's testimony is relevant because "it is relevant to the occurrence of the sexual assault." In my view, these two conclusions are logically inconsistent.

A.

The effect of the mother's testimony was to bolster a not-yet-stated version of the events from the victim by indirectly adding an imprimatur of credibility to that version. The testimony strongly implied that the Department of Social Services held the opinion that the victim's statement, that she had been sexually assaulted, was true. Consequently, the mother's testimony was opinion testimony.

However, because it did not meet the requirements of CRE 608(b), I believe that its allowance constituted reversible error. First, contrary to the mandate of CRE 608(a)(2), the victim had not yet testified at trial. Therefore, her character for truthfulness had not been attacked. Second, the mother's testimony goes far beyond the requirements of CRE 608(a) and (b), and deals with a specific instance of truthfulness, *i.e.*, the report to the Department of Social Services. As we held in *People v. Koon*, 713 P.2d 410 (1985), the allowance of such testimony constitutes reversible error.

B.

The only way the mother's testimony can be relevant to the occurrence of the sexual assault is if one views the Department of Social Services' suggestion of counseling as a reflection of its opinion that the victim's report of the sexual assault was credible. If that is the case, then the mother's testimony falls squarely within the ambit of CRE 608(a) and (b).

Consequently, I would hold that the mother's testimony is prohibited by the language of CRE 608 and our decision in *People v. Koon, supra,* and that its inclusion was reversible error. Hence, I would reverse defendant's conviction and remand the cause for a new trial.