The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Roger Douglas FULTON, Defendant-Appellant.

No. 86CA0060.

Colorado Court of Appeals, Div. III.

Oct. 29, 1987.

Rehearing Denied Nov. 25, 1987.

Certiorari Denied May 9, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Tegtmeier & Sears, P.C., Benjamin S. Waxman, Mary G. Allen, Lance Sears, Colorado Springs, for defendant-appellant.

TURSI, Judge.

The defendant, Roger Douglas Fulton, appeals the judgment of conviction finding him guilty of one count of felony child abuse. His main assertions are: (1) that his trial counsel failed to render reasonably effective assistance of counsel; (2) that the trial court erred in allowing the case to proceed as a bench trial; and (3) that the trial court erred in admitting similar transaction evidence. We affirm.

The charge arose from an incident that occurred while the defendant was babysitting his fiancee's 6–week old daughter. He maintained that while he was lifting the baby from her wind-up infant swing, she stretched and arched her back causing him to lose his grip on her. As she began to fall, he attempted to grab her but failed. The baby hit the hardwood floor but did not cry and was limp and pale. He picked her up, wrapped her in a blanket, and laid her on a pillow. Shortly afterwards, she resumed normal breathing, began moving her legs and arms, and made some crying sounds.

Approximately half an hour later the baby's mother returned. The defendant said he had dropped the baby, and he described her condition. When her mother checked her, she appeared to be sleeping and yet would moan occasionally. She called the baby's pediatrician, and had the defendant describe what happened. They were advised to bring the baby in for an examination.

The baby was unconscious, breathing irregularly, and in critical condition when she arrived at the doctor's office. She was rushed to the hospital and placed in intensive care. The baby had multiple minor bruises to her head and chest, a subarachnoid hemorrhage and retinal hemorrhages. She recovered from her injuries but has a visual impairment and is developmentally delayed.

The defendant was charged with one count of child abuse, and a plea bargain was arranged between defendant and the prosecution. However, at the hearing for the entry of the agreed guilty plea, the court determined that defendant had not provided a sufficient factual basis and rejected the plea. Jury was waived and the case was tried to the court.

## I

The defendant asserts that the finding of guilt was caused by his trial counsel's failure to render reasonably effective assistance of counsel required by the Sixth Amendment and by Colo. Const. art. II, § 16; therefore, the verdict must be reversed. Under the totality of the circumstance here, we disagree.

A contention of ineffective assistance of counsel under the Sixth Amendment requires a determination whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant has the burden of proof to show (1) that counsel's performance at trial was deficient in that it fell below the level of reasonably competent assistance and (2) that the deficient performance prejudiced the defense resulting in a reasonable probability that but for counsel's unprofessional errors, the factfinder would have had a reasonable doubt

respecting guilt. *Strickland v. Washington, supra.*

Our supreme court has adopted both parts of the *Strickland v. Washington* test for ineffective assistance of counsel. *Hutchinson v. People,* 742 P.2d 875 (Colo. 1987); *People v. Norman,* 703 P.2d 1261 (Colo.1985); *see also People v. Dillon,* 739 P.2d 919 (Colo.App.1987). Therefore, the defendant has the same burden of proof under Colo. Const. art. II, § 16, as under the Sixth Amendment.

Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Strickland v. Washington, supra.* If a claim of ineffectiveness may be disposed of on the ground of lack of sufficient prejudice, that course should be followed; accordingly, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant. *Strickland v. Washington, supra.*

Therefore, we first address whether there is a reasonable probability that, absent trial counsel's errors, the trial court as factfinder would have a reasonable doubt respecting guilt.

This issue was addressed at the hearing on defendant's motion for new trial at which the claim of ineffective assistance was raised and argued by defendant's new counsel. In rejecting this claim, the court stated that it: "specifically concludes that the outcome of the trial would not have been different had the attorney done everything that the [defendant's] experts now say he should have done."

In a trial to the court there is a presumption that all incompetent evidence is disregarded by the court in reaching its conclusions, but this presumption generally does not apply if the trial court accords weight to the improper evidence in its decision. *People v. Koon,* 713 P.2d 410 (Colo. App.1985).

We conclude the presumption applies in this case. At the new trial hearing, the trial court had the opportunity to review the evidence that allegedly should have been challenged, and it held that such evidence was not accorded weight in its ultimate finding of guilt. The record does not demonstrate that the trial court could not have reached the result it did but for the incompetent evidence; therefore, we are bound by the trial court's determination that, even without the questioned evidence, it would not have had a reasonable doubt respecting the defendant's guilt. *People v. Mascarenas,* 181 Colo. 268, 509 P.2d 303 (1973).

Since we conclude the defendant failed to show his defense was prejudiced by the alleged deficient performance of his trial counsel, we do not reach the issue whether those allegations are sustainable.

## II

The defendant contends the trial judge erred by allowing his case to proceed as a bench trial with him sitting as the factfinder because he had heard but rejected defendant's guilty plea and did not advise the defendant of the procedural protections of *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959); therefore, he maintains his waiver of a jury was not made voluntarily, knowingly, and intentionally. We disagree.

When a defendant asserts that his apparent waiver of a jury is invalid, the prosecution must establish that the waiver was effective. *People v. Norman, supra.* However, once the prosecution has established a *prima facie* case of effective waiver, the defendant must present evidence from which it could be reasonably inferred that the waiver was not voluntary, knowing, and intentional. *People v. Norman, supra.*

Here, the trial judge explained to the defendant that if he waived the jury, the judge would decide the facts and that he would hear facts the jury might not. The proffered guilty plea and the similar transaction evidence were specifically mentioned. The defendant responded to the judge that he still wished to waive the jury. The option of another judge hearing the case was raised and the defendant was given time to discuss this with his attorney after which the defendant stated to the

judge it was still his "desire to have you as the trier of facts...."

We conclude there is a *prima facie* case of effective waiver and that the defendant has failed to raise a reasonable inference that the waiver was not voluntary, knowing, and intentional.

### III

■ The defendant also asserts the trial court committed reversible error in admitting prior acts of the defendant as similar transaction evidence. We disagree.

Generally, because of its prejudicial effect, evidence of other acts by the defendant is not admissible to prove his character and show his propensity for such conduct. CRE 404; *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979). However, it is admissible to prove absence of accident, which was the defendant's theory of defense in this case. CRE 404.

The People presented evidence that one week before the incident for which the defendant was tried, he had placed one of the baby's socks in her mouth when she was crying. When the mother entered the room the defendant removed the sock.

The defendant contends this evidence was not sufficiently similar to the act for which he was tried to be admissible as similar transaction evidence since in that incident the baby was not injured; the defendant was not home alone with the baby; and he openly admitted the incident. We disagree.

There must be a substantial degree of similarity between the prior act and the act in question for the prior act to be admissible; however, the degree of similarity is largely left to the discretion of the trial court. *Clews v. People*, 151 Colo. 219, 377 P.2d 125 (1962).

Here, the prior act was a violent one committed against the same child one week before the incident for which the defendant was on trial. The fact the defendant removed the sock when the mother saw what he was doing and then admitted the act does not make it dissimilar enough for us to conclude the trial court abused its discretion.

The defendant's remaining contentions regarding inadmissible similar transaction evidence involve evidence that the trial court did not accord weight in its ultimate finding of guilt, and we are bound by that determination. *See People v. Mascarenas, supra.* Therefore, we do not address whether its admission was error.

We have considered and reject the defendant's contention that there is insufficient evidence to support the trial court's determination of guilt.

Judgment affirmed.

KELLY and CRISWELL, JJ., concur.