The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

David R. **PORTERFIELD,** Defendant–Appellant.

No. 87CA0803.

Colorado Court of Appeals, Div. IV.

Nov. 17, 1988.

Rehearing Denied Dec. 15, 1988.

Certiorari Denied April 10, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, David Porterfield, appeals the judgment of conviction for sexual assault on a child by one in a position of trust entered upon a finding of guilt in a trial to the court. We affirm.

As grounds for his appeal, defendant asserts that: (1) his waiver of the right to a jury trial was invalid; (2) the trial court erred by admitting testimony of an alleged similar transaction; and (3) the evidence presented was insufficient to establish that he perpetrated the offense.

I

Defendant argues his waiver of a jury trial was invalid because he did not receive an adequate advisement by the trial court informing him that a jury verdict must be unanimous and that the ultimate decision regarding waiver of a jury trial lies with the accused, not his counsel. We disagree with the defendant's contention.

Crim.P. 23(a)(5) enables a criminal defendant to waive his right to a jury trial either by "express written instrument filed of record, or by his announcement in open court appearing of record...." The waiver must be made understandingly, voluntarily, and deliberately, or it will not be valid. Absent an indication in the record that a defendant's waiver is other than voluntary, knowing, or deliberate, the waiver will be deemed effective. *People v. Norman,* 703 P.2d 1261 (Colo.1985).

Here, defendant announced his waiver in open court and on the record. In response to direct questions by the court, the defendant affirmed both his intention to waive a jury and to have the trial court act as sole finder of fact. He further assured the court that there had been sufficient time and opportunity for him to discuss the waiver with defense counsel. Defendant argues for the first time on this appeal that the record is insufficient to establish that his waiver was based on adequate information. However, he neither claims that he actually lacked the information necessary to make a valid waiver, nor does he claim that his waiver resulted from the failure of counsel to advise him fully.

Once the prosecution has established, as here, a prima facie case of effective waiver, the defendant must present evidence from which it could be reasonably inferred that the waiver was not voluntary, knowing, and intentional. *People v. Fulton,* 754 P.2d 398 (Colo.App.1987). Nothing in the record indicates that defendant's waiver was invalid. Thus, defendant has failed to overcome the prosecution's prima facie showing of a valid waiver. Therefore, we conclude that his waiver was effective.

Defendant urges that we adopt a rule requiring a trial court advisement on the record similar to the advisement on waiver of the right to testify as required by *People v. Curtis,* 681 P.2d 504 (Colo.1984). Although such an advisement would be good practice, *see United States v. Martin,* 704 F.2d 267 (6th Cir.1983), we note that *People v. Curtis, supra,* was decided prior to *People v. Norman, supra,* thus revealing an implicit rejection of the constitutional need for an on-the-record advisement of that nature.

II

Defendant next contends that the trial court erred in admitting evidence of

an alleged similar transaction. We disagree.

Evidence of similar acts is admissible to prove identity, an issue in this sexual assault trial. *See People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979); *People v. Montoya,* 703 P.2d 606 (Colo.App.1985), *aff'd,* 740 P.2d 992 (Colo.1987); § 16–10–301, C.R.S. (1986 Repl.Vol. 8A).

Here, there was clear and convincing evidence in the record to show defendant had committed a prior sexual assault on the victim. Therefore, the trial court's admission of the similar act evidence did not constitute error. *See People v. Botham,* 629 P.2d 589 (Colo.1981).

### III

■ Finally, we disagree that the evidence presented at trial was insufficient to establish beyond a reasonable doubt that the defendant perpetrated this offense. The record contains substantial sufficient, relevant evidence which supports the trial court's finding of guilt beyond a reasonable doubt. *See People v. Gonzales,* 666 P.2d 123 (Colo.1983).

Therefore, the judgment of conviction is affirmed.

METZGER and FISCHBACH, JJ., concur.